398 So.2d 1062 (1981)
STATE of Louisiana
v.
Charles M. STRICKLAND.
No. 80-KA-2479.
Supreme Court of Louisiana.
May 18, 1981.
Concurring Opinion May 19, 1981.
*1064 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Samuel C. Cashio, Dist. Atty., T. Barry Wilkinson, Asst. Dist. Atty., for plaintiff-appellee.
John M. Bemiss, Jr., Office of the Indigent Defender, Port Allen, for defendant-appellant.
BLANCHE, Justice.[*]
Defendant, Charles M. Strickland, was charged by bill of information with theft of an air compressor and tank valued at $5535. R.S. 14:67. Defendant waived his right to a trial by jury and was tried by a judge alone. Defendant was found guilty and was sentenced to eight years imprisonment. On appeal, he argues seven assignments of error. The following facts were brought forth at defendant's trial.
In July 1974 a Jaeger model air compressor was purchased by the West Baton Rouge Parish Police Jury from Furlow-Laughlin Equipment, Inc., for $5535. That same compressor was stolen on or about October 25, 1977. In July 1979 the Jaeger compressor was taken to Furlow-Laughlin for repairs and identified by the salesman who had originally sold the compressor to the Police Jury. The salesman had been put on notice approximately one year prior to the time it was brought in for repairs that the Jaeger compressor had been stolen.
The salesman recognized the compressor, as it was the only one of that particular type that he had sold.
After the theft, the compressor found its way to a third party, Mr. Evans, who was the person who took the compressor to Furlow-Laughlin for repairs in July 1979. At trial, this third person testified that he had purchased the Jaeger compressor from the defendant around the first of November 1977. This was corroborated by other state witnesses who testified that the defendant was in possession of the Jaeger compressor in late October 1977, and that the defendant sold it to the third party in early November 1977.
Defendant asserted that the compressor he sold to Mr. Evans was sold in early October 1977, and was not the stolen Jaeger compressor, but was an Ingersoll-Rand compressor he had purchased in Alabama in January 1977.
The trial judge heard all the evidence and found the defendant guilty as charged. Now, on appeal, defendant urges the following assignments of error as grounds for the reversal of his conviction and sentence.

Assignment of Error Number 1
Defendant contends the trial court erred in permitting the state to amend the bill of information without a formal order by the court.
The bill of information originally stated that the compressor in question was stolen on October 25, 1977. When testimony at trial revealed the theft could have taken place three or four days prior to that date, the state moved to amend the bill to read "on or about" the 25th of October. The defense objected to the amendment, and the trial court overruled the objection.
The court may at any time cause an indictment to be amended in respect to any formal defect, imperfection, omission or uncertainty. C.Cr.P. art. 487. Here, though *1065 the date of the theft was essential, C.Cr.P. art. 468, the addition of the phrase "on or about" to the specific date was but a corrected omission.
Defendant contends that though the court may order an amendment per C.Cr.P. art. 488, such an affirmative act was not done in this case. We disagree, for when the state moved to amend its bill of information and the defendant objected, the trial court's overruling of said objection can only be perceived as the court's desire to allow the amendment. It is unnecessarily redundant to allow the court to approve the state's amendment and then to say the court also must order an amendment.
Furthermore, there was no defense motion for a continuance based on the amendment, and no indication whatsoever that the defendant was prejudiced by the amendment. C.Cr.P. art. 489.
This assignment of error lacks merit.

Assignment of Error Number 2
Defendant contends the trial court erred in admitting certain photographs in evidence over defense counsel's objections. Defendant argues that the photographs were unidentifiable because the distinguishing characteristics pointed out by the state witnesses were not visible in the photographs and that presentation of the photographs was prejudicial.
During the testimony of the Furlow-Laughlin salesman, Mr. Rock, the state sought to introduce three photographs of the stolen Jaeger compressor in evidence. Mr. Rock, having recognized the compressor as the stolen one, had had one of his employees, Mr. Linscomb, take three Polaroid snapshots of the compressor. When the state attempted to have Mr. Rock identify the photographs and introduce them in evidence, the defense objected, urging the individual who actually took the photographs was not present in court to identify them.
The state withdrew the evidence, requested an instanter subpoena for Mr. Linscomb, and later produced him and had him identify the photographs. The state then introduced the photographs in evidence over defense counsel's objections.
Generally, photographs are admissible in evidence when they are shown to have been accurately taken, to be a correct representation of the subject in controversy, and when they shed light upon the matter before the court. State v. Cass, 356 So.2d 936 (La.1977), citing State v. Freetime, 334 So.2d 207 (La.1976). Sufficiency of identification of a photograph for purposes of admissibility thereof into evidence rests largely within the discretion of the trial judge. State v. Cass, supra, citing State v. Freetime, supra.
Here, the proper foundation was laid for the introduction of the photographs in evidence, as both Mr. Rock and Mr. Linscomb identified the photographs as having been accurately taken and a correct representation of the subject matter. The fact that some identifying characteristics, such as the serial number were not readily discernible does not render the photographs of the stolen equipment irrelevant or inadmissible.
Having ascertained that the photographs were accurately taken, fairly represented the subject in question and were relevant to the case, the trial judge did not abuse his discretion in admitting the photographs in evidence.
This assignment of error lacks merit.

Assignments of Error Numbers 3 and 6
Defendant contends the trial court erred in denying his motion for a directed verdict of acquittal at the end of the state's case and his motion for acquittal at the conclusion of the trial.
Defendant argues that the state failed to prove each element of the offense in question beyond a reasonable doubt. According to the defendant, the element missing was the value of the stolen compressor as alleged in the bill of information.
The bill of information asserts that the compressor was valued at $5535. However, while the state's witnesses testified its *1066 price, when new, was $5535 (in July 1974), the salesman who had originally sold the compressor testified its value, when recovered, had depreciated to $3500.
Revised Statute 14:67 provides for different grades of theft based upon the value of the stolen goods. The steepest grade of theft is for goods valued at over $500. Though the depreciated value of the compressor was not recited in the bill, the evidence clearly shows that it was valued at well over $500. Since $500 is the relevant amount by which to grade this theft, and the state did prove beyond a reasonable doubt that the value of the compressor was over $500, the defendant's contention that an element of the crime was not proven is groundless.
Defendant further argues that his motions for acquittal should have been granted because the state was erroneously permitted to rely upon the presumption of R.S. 15:432. That statute provides in pertinent part "that the person in the unexplained possession of property recently stolen is the thief."
We recognize that presumptions such as this one have come under close scrutiny recently. Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); County Court of Ulster County v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). This Court has indicated that this particular presumption must be used with extreme caution to ensure the presumption does not unconstitutionally affect the rights of the accused. State v. Bell, 373 So.2d 184 (La.1979).
In the case before us we are not confronted with the danger of a jury being confused by a presumption, for the case was tried by a judge alone. In such situations, the proper method of preserving such an issue of law for appellate review is to request the judge to charge himself before the verdict as to the disputed issue of law, C.Cr.P. art. 781, and to object to it if it is incorrect, C.Cr.P. art. 841, or if the trial court refuses to give a special charge correctly stating the law, C.Cr.P. art. 807. In the absence of such a procedure, the question of whether the trial judge decided the defendant's guilt on the basis of an incorrect appreciation of the applicable legal principles is not determinable. State v. Reeves, 342 So.2d 605 (La.1977).
Nevertheless, we are not confronted with the normal danger of proof by the use of a presumption, as there was ample direct and circumstantial evidence in the record to support the defendant's conviction. The trial judge, making no mention of the presumption, was of the opinion that the state had proved its case beyond a reasonable doubt.
Assuming for the sake of argument that the issue was properly reserved for appeal, it is obvious from the record that the defendant was not found guilty on the basis of the presumption but was found guilty on the basis of the overwhelming evidence against him.
The trial judge was correct in denying both of the defendant's motions of acquittal. These assignments of error lack merit.

Assignments of Error Numbers 4 and 5
Defendant contends the trial court erred in allowing documents into evidence which the state failed to produce upon request by the defendant through his discovery motion.
Defense counsel filed a pre-trial discovery motion requesting production of any papers or documents which the state intended to use as evidence at the trial. The state replied that it had none.
At trial, Mr. Evans testified that he purchased the compressor from the defendant around the 1st or 2nd of November. At that point, the state sought to introduce in evidence a receipt for the sale from the defendant to Mr. Evans dated November 3, 1977. The defense objected alleging that the state had failed to produce this receipt through discovery and that they were unaware of its existence. The state responded that the receipt had come to their attention the day before the trial and long after the discovery motion was filed. The trial court postponed any ruling on the admissibility of *1067 the receipt but instructed the state to refrain from questioning the witness on that issue. The state complied with that directive.
Later, when the defendant took the stand, he admitted selling Mr. Evans a compressor, but alleged it was not the stolen Jaeger compressor. The defendant said he sold this other compressor to Mr. Evans in early October 1977, which was before the Jaeger compressor was stolen. If such was the case, the defendant would obviously be innocent of this charge.
In response to this testimony, the state sought to introduce the receipt and a bill of sale, which both stated the defendant had sold Mr. Evans an air compressor on November 3, 1977. The bill of sale specifically referred to one "Yeager Air Compressor" being sold to Mr. Evans on that date. Defense counsel again objected to the use of the documents on the same discovery basis. This time, the trial judge noted that he would allow the evidence for the limited purpose of testing the witness' credibility, but for no other purposes.
The cash receipt and bill of sale were clearly subject to discovery by the defendant. C.Cr.P. art. 718(2). The state had a continuing duty to disclose to the defendant the existence of these documents. C.Cr.P. art. 729.3. The state's contention that the defendant's discovery motion was submitted long before it discovered the documents and that they had just recently received the documents in no way excuses them from this continuing duty to disclose. Accordingly, the trial judge had various sanctions he could have imposed for the state's failure to comply with the discovery procedures. C.Cr.P. art. 729.5.
The trial judge chose to prohibit the state from introducing in evidence the subject matter not disclosed, but then he altered that order to allow the documents to be admitted for the sole purpose of impeaching the defendant's credibility as a witness.
We have previously held that where the defendant is lulled into a misapprehension of the strength of the state's case and suffers prejudice when the statements are subsequently introduced at trial, basic unfairness which constitutes reversible error results. State v. Boothe, 310 So.2d 826 (La.1975); State v. Hatter, 350 So.2d 149 (La.1977). However, the state's failure to comply with the discovery procedures will not automatically demand a reversal. Rather, we will examine the circumstances of the case and the trial court's reaction to see if the defendant was prejudiced and the trial judge was correct. State v. Statum, 390 So.2d 886 (La.1980).
In this case, the trial judge properly excluded the documents. Then, after three witnesses had testified the sale took place on November 3, 1977, the defendant took the stand and blatantly contended the sale took place in early October 1977. The documents with his signature, the type of compressor, and the date of the sale (November 3, 1977) were allowed to impeach him.
We see no error in allowing the documents to impeach the defendant. The state did not utilize the evidence in its case in chief, but only when faced with the defendant's impeachable testimony did the court allow the evidence to be used. At that point the documents became highly relevant and the judge's decision to allow their use for impeachment was correct.
Analogous to this situation is the far more serious use as an impeachment tool of an accused's inculpatory statement, obtained without advising him of his constitutional rights, if it can be shown that the statement was freely and voluntarily given. Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); State v. Kent, 371 So.2d 1319 (La.1979). Since we allow a free and voluntary confession to be used for impeachment purposes when all constitutional safeguards have not been met, we will likewise allow a discoverable piece of evidence to be used for impeachment purposes only when all discovery procedures have not been properly satisfied.
Besides properly limiting the documents to impeachment of the defendant's credibility, *1068 the judge clearly did not consider the documents in rendering his decision. In his reasons for judgment, the judge stated:
"I wish to say before I do render verdict here that I am not considering the last two acts that were introduced [referring to the cash receipt and the bill of sale] whatsoever. I wanted them to get into evidence for the higher court, but this court is not considering them whatsoever. As you know, I haven't looked at them; I'm not going to view them and I'm not considering them in the verdict that is being rendered here today. And I do believe that the State has proven its case definitelyI'm definitely of the opinion that the State has proven its case beyond a reasonable doubt, therefore, I hold the accused guilty."
Clearly, then, the judge not only limited the use of the documents as was his prerogative per C.Cr.P. art. 729.5, but he did not consider them in rendering his decision. Thus, the defendant was not prejudiced by their use in any way.
These assignments of error lack merit.

Assignment of Error Number 7
Defendant contends the trial court erred in not permitting him to remain free on bail pending appeal.
Defendant was sentenced to eight years imprisonment for violating R.S. 14:67. C.Cr.P. art. 314 provides that where a defendant is sentenced to more than five years imprisonment, bail may be allowed after sentence pending appeal. Thus, the granting or denial of bail pending appeal in this case was within the discretion of the trial judge.
The trial judge heard defendant's contention that he be freed on bail pending appeal but was not swayed. As he noted in his sentencing reasons, the defendant had a substantial previous criminal history, which included convictions for three burglaries, forgery, and several misdemeanors. He noted that due to this prior history of criminal conduct, he believed the defendant was dangerous to the public and he would not allow the defendant free on bail pending appeal. We see absolutely no abuse in the trial judge's discretion in making this decision.
This assignment of error lacks merit.
For the above reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
CALOGERO, J., concurs with reasons.
CALOGERO, Justice, concurring.
Although I think it was error for the trial judge to admit the sales slip into evidence even for impeachment purposes, where the state had not informed the defendant of the evidence as required by the discovery articles, I nevertheless concur being of the belief that in this case its admission was harmless. Three other witnesses had testified that the sale took place in November and that they saw defendant in possession of a Jaeger air compressor. Therefore, the admission of the sales slip into evidence, although erroneous, added no new information and was merely cumulative in effect. For this reason I concur.
NOTES
[*] The Honorables Pike Hall, Jr., Charles A. Marvin and Jasper E. Jones of the Court of Appeal, Second Circuit, participated in this decision as Associate Justices pro tempore, joined by Justices Calogero, Dennis, Blanche and Lemmon.