448 So.2d 773 (1984)
STATE of Louisiana, Appellee,
v.
Freddie Lee TAYLOR, Appellant.
No. 15809-KA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
*774 Sanders & Sanders by Martin S. Sanders, Jr., Winnfield, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Charles B. Bice, Dist. Atty., Kermit M. Simmons, Asst. Dist. Atty., Winnfield, for appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
HALL, Judge.
The defendant, Freddie Lee Taylor, appeals from his conviction of forcible rape, LSA-R.S. 14:42.1, for which he was sentenced to 15 years at hard labor, the first two years to be without benefit of parole, probation or suspension of sentence.
The state's evidence establishes that in the early morning hours of July 18, 1982, the defendant, accompanied by William Hayes, went to the home of the victim, with whom he had visited on previous occasions. The victim and a young lady who babysat for the victim's children earlier in the evening were watching television. The children were asleep. The defendant, who is known as "Bulldog", appeared to have been drinking, appeared high, and was belligerent and threatening. The babysitter left the house after the defendant choked and slapped her and a window was broken. The defendant continued to threaten the victim, accusing her of having told something to the mother of a girl he was dating. He hit the victim, grabbed her, choked her, and forced her to have sexual intercourse with him at least twice. Hays also participated.
When the defendant got up to go to the bathroom, the victim ran out the front door to a neighbor's house. The men left and the victim returned home and called a deputy sheriff who came and took her to a doctor. The sheriff testified as to her bruises and the doctor testified as to the bruises and a laceration in the vagina, and to taking specimens for laboratory examination.
Another witness testified to having been given a letter by the defendant while visiting at the jail and the letter which contained statements against the defendant's interests was introduced into evidence.
The defendant makes five assignments of error:
(1) The court erred in allowing Deputy Greg Davies to sit at the counsel table of the district attorney during the jury selection process as Mr. Davies was neither counsel, a member of the bar, party to the *775 suit, nor aiding in the examination of a witness; his presence was objected to and a motion for mistrial was made and overruled;
(2) The court erred in admitting into evidence certain photographs without proper foundation;
(3) The court erred in admitting into evidence and allowing the jury to view a letter not identified or acknowledged, nor identified as being in the defendant's handwriting;
(4) The court erred in not allowing defense counsel to question the state's witness, Deputy Sherman Ford, on cross-examination as to his knowledge of defendant's violence toward women; and
(5) The court erred in sustaining the state's objection to defense counsel's argument referring to the failure of the state to obtain vaginal smears and other evidence from the prosecuting witness which could establish whether the prosecuting witness recently had sexual intercourse.
Assignment of Error No. 1
The defendant asserts that the presence of a deputy sheriff at the counsel table with the district attorney was calculated to prejudice the defendant. However, there is no showing as to how the defendant was prejudiced.
In State v. Tonubbee, 420 So.2d 126 (La. 1982), a defendant asserted that the trial court erred in allowing a sheriff to sit at the counsel table during voir dire. The supreme court found no merit to the argument, holding that "this Court has never held that such actions necessarily prejudice a defendant's trial. The defendant cites no statutory authority for his position, nor does he show any specific prejudice that resulted from the sheriff's presence at the counsel table."
This assignment is without merit.
Assignment of Error No. 2
The defendant challenges the admissibility of photographs of the victim on the basis that they were admitted without proper foundation. Generally, photographs are admissible into evidence when they are shown to have been accurately taken, to be a correct representation of the subject in controversy, and when they shed light upon the matter before the court. State v. Strickland, 398 So.2d 1062 (La.1981). Sufficiency of identification of a photograph for purposes of admissibility thereof into evidence rests largely within the discretion of the trial judge. State v. Strickland, supra; State v. Cass, 356 So.2d 936 (La. 1977).
Deputy Sheriff Greg Davies testified at trial that the photographs of the victim were taken by him at the Winn General Emergency Room on the morning of July 18, 1982, the morning of the rape. The photographs clearly provide probative and relevant evidence of the elements of the crime of forcible rape. The testimony of Deputy Davies provided an adequate foundation for the admissibility of the photographs. The defendant's assignment of error as to the admissibility of the photographs is clearly without merit.
Assignment of Error No. 3
The defendant asserts that a letter was improperly admitted into evidence. The letter, purporting to have been written by the defendant, was offered into evidence during the testimony of a witness who visited the defendant in jail. The victim had previously testified that she received the letter from the witness and then turned the letter over to Deputy Greg Davies. The witness testified that the defendant gave the letter to her in the jail. She stated that she did not read the letter until she got home and then later called the victim and gave her the letter. The witness stated that when the defendant gave her the letter he said he "had a letter for me."
When the state offered the letter into evidence, defense counsel objected on the basis of lack of foundation in that no one had made an identification of the writing and there was no statement by the defendant that the writing was his. The trial court overruled defendant's objection. During cross-examination, defense counsel *776 asked the witness if she had seen the defendant's writing before, whether she had seen him write anything on this letter, and whether the defendant told her that it was his handwriting. The witness answered "no" to all three questions.
The letter, addressed to the witness and signed "Bulldog", contains inculpatory statements including the following:
"... Well I decide to drop you a few lines to tell you the truth about what make me do what I did to [the victim].... So I just crave for revenge and I got it and I am not ashame of nothing I did to her because she deserved it maybe she with stop talking people bussiness so much now...."
No instrument under private signature is admissible in evidence without proof of its genuineness. LSA-R.S. 15:456. The rule of authentication evidencing the genuineness of a particular document has always to be satisfied. The document offered must be authenticated as genuinely that which it purports to be. State v. Martin, 356 So.2d 1370 (La.1978).
"Any document, other than an authentic act, may be proved by any one who saw it written, or by a comparison of hands, or by any one who, from his knowledge of the handwriting of the person alleged to have written the document can testify that the document produced is in the handwriting of said person." LSA-R.S. 15:460. "Comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine shall be permitted to be made by witnesses in criminal cases. The writings and the evidence of witnesses respecting the writings may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute." LSA-R.S. 15:460.1.
The provisions of LSA-R.S. 15:460 and 460.1 are not mandatory and are not the exclusive manner of proving the genuineness or authenticity of a letter purporting to have been written by a particular person. A document "may" be proved in the manner provided in the statute.
The general rule in most jurisdictions is that a document is admissible if there is evidence sufficient to support a finding that the item in question is what its proponent claims it to be. See Rule 901 of the Federal Rules of Evidence and the Uniform Rules of Evidence.
Authentication by circumstantial evidence is uniformly recognized as permissible. McCormick on Evidence, § 222. See also 7 Wigmore, Evidence §§ 2130, et seq. (Chadbourn rev. 1978). Certain configurations of circumstantial evidence have been so frequently held to authenticate particular types of writings that they have come to be recognized as distinct rules; such as, the ancient documents rule, the reply letter doctrine, and the public records custodian exception. It is apparent that the present situation does not fall within one of the well-recognized rules. However, as stated in McCormick on Evidence, § 222 at page 548:
"It is important to bear in mind that authentication by circumstantial evidence is not limited to situations which fall within one of the recurrent patterns. Rather, proof of any circumstances which will support a finding that the writing is genuine will suffice to authenticate the writing."
In the present case there is strong circumstantial evidence that the defendant wrote the letter in question. The defendant, while in jail, handed the letter to a witness stating that "he had a letter for her." The letter is addressed to the witness who identified it and is signed "Bulldog", the name which the defendant used. Therefore, it is more probable than not that the letter admitted into evidence was a letter written by the defendant. The evidence establishes the genuineness and authenticity of the letter as one from the defendant to the witness and a proper foundation for its admission into evidence as such.
The defendant also argues in brief that the letter was hearsay and thus inadmissible. However, the defendant did not make an objection before the trial court *777 on the basis of hearsay and did not assign as error that the letter was hearsay. It is well settled that a defendant must make contemporaneous objection and state his reasons therefor to allow the trial judge the opportunity to rule on it and prevent or cure error. State v. Herrod, 412 So.2d 564 (La.1982). The defendant's objection before the trial court was based solely on the lack of foundation and authentication for the admission of the letter into evidence. A new basis for an objection cannot be raised for the first time on appeal. State v. Ford, 349 So.2d 300 (La.1977). The defendant's argument that the letter is hearsay is being raised for the first time on appeal and thus cannot be considered. In any event, out-of-court statements against interest made by a defendant are admissible as an exception to the hearsay rule. State v. Edmond, 399 So.2d 187 (La.1981); State v. Godeaux, 378 So.2d 941 (La.1979).
This assignment of error is without merit.
Assignment of Error No. 4
The defendant asserts that the trial court erred in sustaining the state's objection to a question by defense counsel on cross-examination of Deputy Sherman Ford. Defense counsel asked Deputy Ford whether he knew of any other instances of a history of violence by the defendant toward women. The state objected on the basis of irrelevancy.
Relevant evidence is defined under LSA-R.S. 15:441. Whether evidence is relevant is within the discretion of the trial judge and his ruling will not be disturbed on appeal in the absence of a clear abuse of this discretion. State v. Chaney, 423 So.2d 1092 (La.1983); State v. Huizar, 414 So.2d 741 (La.1982). The trial judge has great discretion in determining depth and length of cross-examination of witnesses about details of prior convictions of witnesses and his ruling will not be disturbed absent a showing of abuse of that discretion. State v. Kimble, 407 So.2d 693 (La. 1981).
In view of the trial court's broad discretion in determinations of relevancy and scope of inquiry into prior criminal activity, it does not appear that the trial court under the present circumstances abused that discretion. Rather, it appears that the trial court correctly determined that the line of questioning was irrelevant and probably was prejudicial to the defendant's interest.
This assignment of error has no merit.
Assignment of Error No. 5
During closing argument, the state objected to defense counsel's statement:
"If they took a vaginal smear from that lady and he had sexual relations with her, there would be spermatozoa there and they would have somebody to tell you that."
The objection was that the statement went beyond the evidence and the objection was sustained.
LSA-C.Cr.P. Art. 774 restricts closing arguments in criminal cases to the evidence admitted, to the lack of evidence, to conclusions of fact that may be drawn therefrom, and to the law applicable to the case. See also State v. Messer, 408 So.2d 1354 (La.1982). Additionally, the trial judge has wide discretion in confining the arguments to the scope of the evidence presented. State v. Chapman, 410 So.2d 689 (La.1982); State v. Lee, 340 So.2d 180 (La.1976).
The statement made by defense counsel was fair comment or argument pertaining to the lack of evidence presented by the state and the objection should not have been sustained. However, after the objection was sustained defense counsel asked if he could "argue about the vaginal smear" and proceeded, without further objection, to pursue the matter:
"My statement is you had a doctor here and he stated that he examined her and he took certain specimens. You haven't heard what the results of those specimens were. And I suggest to you that the reason you didn't hear it is because they were negative and they didn't implicate Freddie Lee Taylor. Now, that *778 is beyond the possibility that they may have implicated somebody else. I am suggesting that to you.... And you are asked to take that testimony against an investigation ... now the investigatory powers of the State is pretty great and if you don't think they are, you ought to get into some of these other things and see what they have to work with. They have got the crime labs and they have got everything else and you didn't hear anything about any of that. And if you stick around you may hear about it on William Hayes. I don't know about that. I don't represent Mr. Hayes. But you had better believe that if there was anything that indicated that Freddie Lee Taylor had sexual relations with this lady, other than her little statement, that it would be here in front of you and it is not.... There is a complete absence of any evidence under these circumstances to show that Freddie Taylor is guilty of forcible rape...."
Although the objection was initially sustained, defense counsel thereafter proceeded to argue the issue and was allowed to fully discuss the lack of evidence before the jury. Any error was harmless and without prejudice to the defendant.
This assignment of error lacks merit.
For the reasons assigned, defendant's conviction and sentence are affirmed.
Affirmed.