454 So.2d 205 (1984)
STATE of Louisiana
v.
Donald Ray ROBERTSON.
No. KA 83/1439.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Rehearing Denied August 24, 1984.
Writ Denied October 26, 1984.
*207 Ossie Brown, Dist. Atty. by Bob Hester, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Richard Upton, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
Donald Ray Robertson, defendant, was convicted of aggravated rape in violation of LSA-R.S. 14:42, and sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Defendant now appeals on the basis of four assignments of error.

FACTS
On October 17, 1980, at approximately 11:30 p.m., while the victim was hanging out clothes from her washing, she was attacked by an assailant brandishing a large knife. He held the knife to her body and repeatedly threatened to kill her if she called for help. The victim was commanded to go to a nearby lot. She was forced to remove her clothing, was blindfolded, and made to submit to several acts of sexual intercourse upon threat of death. After a period of time, the assailant dropped the knife, whereupon the victim tore off her blindfold, recognized her attacker as the defendant and ran to safety at a neighbor's house. She furnished the police with the name "Donald" and a description of her assailant, and the defendant was arrested in the vicinity of the scene of the crime shortly thereafter.

ASSIGNMENTS OF ERROR
1. The jury erred in finding that there was sufficient evidence to support a determination that one of the essential elements of the crime, i.e. "penetration," had occurred.
2. The jury erred in finding that there was sufficient evidence to support a determination that the victim was prevented from resisting the act of rape by threats of bodily harm accompanied by the apparent power of execution.
3. The jury erred in finding that the identification of the defendant by the victim was accurate.
4. The trial court erred in allowing the prosecution to introduce into evidence the picture of Donald Singleton over the objection of defense counsel.

ASSIGNMENT OF ERROR NO. 1: SUFFICIENCY OF THE EVIDENCE CONCERNING PENETRATION
In this assignment, defendant argues that the verdict was contrary to the law and evidence because of lack of proof of vaginal penetration.
At the time of the crime, LSA-R.S. 14:42 defined aggravated rape as:
[A] rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or
(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or
(4) Where the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense....
LSA-R.S. 14:41 provides (in pertinent part):

* * * * * *
Emission is not necessary; and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime.
Therefore, penetration of the victim as stated in the statutes is an essential element of the crime; emission is not.
Needless to say, the prosecution is required to prove beyond a reasonable *208 doubt every element necessary to constitute the crime charged. La. Const.1974, Art. 1, sections 2 and 16. In Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the United States Supreme Court held that to satisfy the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the standard of review guiding an appellate court in determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. This standard of review has been adopted as the appropriate standard by the Louisiana State Supreme Court. See State v. Williams, 423 So.2d 1048 (La.1982).
In the case at bar it was necessary that the state prove beyond a reasonable doubt the essential element of sexual penetration, however slight. Without quoting all of the testimony of the victim, a fair summary of her testimony is that the assailant's penis penetrated her vagina. She testified positively that the assailant entered her"he was inside of me."
Based on the victim's testimony and her description of the physical contact between her and the defendant, the jury, based on their common knowledge and understanding of the human anatomy, male and female, could rationally, and obviously did, conclude that there was vaginal penetration. The evidence was sufficient to support the findings of sexual penetration beyond a reasonable doubt. State v. Rives, 407 So.2d 1195 (La.1981).
The state presented testimony of Dr. Paul Jackson, obstetrician-gynecologist and a rape crisis volunteer, who attended the victim on the night of the crime. He testified that the victim was in her menstrual cycle at the time; and, even if sexual emission had occurred, the sperm could have been washed out with the blood. However, the doctor testified that the victim suffered an abrasion on her left knee, corroborating the victim's statement that she fell while finally escaping from her assailant, and otherwise supported her testimony to the extent scientifically possible under the circumstances.
Detective Felix Rodriquez, of the Baton Rouge City Police, responded to the call and found her "practically nude ... hysterical and ... crying" at her house following the incident. He testified to her condition as he observed her. Sergeant Julius O'Brien of the Baton Rouge City Police found at the crime scene "the victim's underwear, a piece of a Kotex, her clothing" and a cap which had been worn by the defendant.
The above testimony is supportive of the victim's version of the attack. She testified that the defendant performed a number of acts of sexual intercourse, but was having difficulty due to her fear. At knifepoint, she was forced to submit, both from behind and with the defendant on top of her. Her testimony was positive about the sexual penetration. Although being in her menstrual cycle and in great fear, she was not positive about emission. The presence of male spermatozoa may establish sexual contact, yet the lack of spermatozoa does not indicate that no sexual contact or penetration has occurred. "Penetration, however slight" completes the sexual act, if the other factors are also present, and this may not lend itself to objective scientific analysis. At one point during sexual intercourse, the defendant dropped the knife, and the victim escaped and ran naked to a nearby apartment house for help. The victim's testimony was positive concerning this essential element of the crime. The victim's clothes left at the scene of the crime, the abrasions suffered while making her escape, the duration of the attack, and her distraught condition corroborate her testimony concerning the rape.
In State v. Rives, supra at 1197, the Court stated:
The evidence was clearly sufficient to convince a reasonable factfinder beyond a reasonable doubt of defendant's guilt on both counts. See State v. Byrd, 385 So.2d 248 (La.1980); State v. Parish, 405 So.2d 1080 (La.1981) (No. 80-KA-1769). Despite the absence of scientific evidence *209 of sexual intercourse, the testimony of the victim was sufficient to establish "sexual penetration". R.S. 14:41 provides that "emission is not necessary" and that "any sexual penetration, however slight, is sufficient to complete the crime.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2: SUFFICIENCY OF THE EVIDENCE CONCERNING THE USE OF FORCE BY THE DEFENDANT AND RESISTANCE OF THE VICTIM
In this assignment, defendant argues that there was not sufficient evidence introduced at the trial "to prove that a weapon was involved in the commission of the crime."
The victim testified that she was hanging up her children's clothes to dry at about 11:30 p.m.; her husband and children were asleep. She was outside her apartment hanging the clothes when she was approached from behind by an assailant who held his hand over her mouth, threatened her life if she screamed, and held a knife against her body. She was taken almost a block away to a nearby lot, forced to undress, and at knifepoint forced to submit to sexual intercourse. The attack lasted about forty-five minutes. During that time, the victim was in fear for her life because of the knife.
The victim's testimony clearly establishes that she was prevented from resisting the act because the attacker was armed with a dangerous weapon, to-wit, a large knife like a hunting knife, which the victim described. LSA-R.S. 14:42(3). The evidence also clearly establishes that the victim was prevented from resisting the act by repeated threats of death accompanied by the apparent power of execution, i.e., the perpetrator was armed with a large knife which he threatened to use. State v. Rives, supra; State v. Crochet, 354 So.2d 1288 (La.1977). The victim testified that she was forced to submit because the defendant threatened to kill her. Thus, a rational trier of fact viewing the evidence in the light most favorable to the prosecution could have concluded that the elements of the crime of aggravated rape were proven beyond a reasonable doubt. State v. Clark, 437 So.2d 879 (La.App. 2d Cir.1983), writ denied 442 So.2d 460 (La.1983).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3: IDENTIFICATION OF THE DEFENDANT
The defendant argues that based on the testimony of witnesses, the jury could not have found that the victim's identification of the defendant as her attacker was correct beyond a reasonable doubt.
In State v. Newman, 283 So.2d 756 (La. 1973), the Louisiana State Supreme Court stated three factors to be considered to determine whether a witness' in-court identification was based on an independent source. These are: (1) the prior acquaintance of the witness with the accused; (2) the length of time the witness observed the perpetrator before, during and after the offense; and (3) the circumstances in which the observation was made; including illumination at the scene, the physical capacities of the witness and the emotional state of the witness at the time of the observation.
The above factors, considered in relation to the identification of the defendant herein, are fully satisfied. The victim was acquainted with the defendant, and testified that she had seen him in the neighborhood. She got a good look at the assailant when she was fighting to escape, which she was able to do after the attack had gone on for some forty-five minutes. During the continued struggle, she was able to get free of the blindfold. She recognized the defendant at that time and her description of the defendant and his clothes was accurate. The defendant was apprehended soon thereafter, and his attire and features matched her description. Further, when the defendant was arrested, his pants were unzipped and there were bloodstains on his underwear. Although the area where the *210 rape occurred was not well lit, Sergeant Julius O'Brien of the Baton Rouge City Police, Sex Crimes Unit, testified that there was sufficient illumination at the scene to see clearly. When asked on cross-examination if one could see clearly and recognize another person from a close distance at the scene, the officer responded affirmatively. To further corroborate the defendant's presence at the scene, the defendant left at the scene of the crime a cap he had borrowed from a friend. When the defendant was arrested, the friend who had lent the cap was trying to get it back, and the defendant indicated that he had lost it. The evidence clearly demonstrates that the defendant lost the cap at the scene during the struggle when the victim escaped.
Further, at a 6-man lineup on October 22, the victim, without hesitation, picked the defendant as the man who raped her.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4: PHOTOGRAPHIC EVIDENCE
The defendant argues that the prosecution should not have been allowed to introduce in evidence a picture of Donald Singleton for the purpose of showing that he and the defendant did not look alike. (Donald Singleton was the person who was talking with the defendant when the defendant was arrested.) Keith Olexy, an investigator with the East Baton Rouge Parish District Attorney's Office, testified that he interviewed Donald Singleton on the night of the incident and on two occasions thereafter. In establishing a foundation for introduction of the photograph of Singleton, the state brought out evidence concerning his identification. On cross-examination by the defense, Olexy testified that he recognized Singleton from the photograph, but that his hair was a little longer on the night in question. He also testified that Singleton's appearance did not change during the investigation. The defense objected to the introduction of the photograph on the basis that the prosecution had not proven that the photograph was of the same Donald Singleton. The evidence refutes this argument. The investigator made a positive identification. In brief, the defendant argues that an insufficient foundation was laid for introduction of the photograph. A new basis for objection cannot be raised for the first time on appeal. State v. Fowlkes, 352 So.2d 208 (La.1977). In any event, this argument is meritless. Defendant contended throughout that it was a case of mistaken identity. A proper foundation was laid.
Generally, photographs are admissible in evidence, when they are shown to have been accurately taken, to be a correct representation of the subject in controversy and when they shed light upon the matter before the court. State v. Strickland, 398 So.2d 1062 (La.1981).
A proper foundation for admission in evidence of a photograph is laid when a witness having personal knowledge of the subject depicted by the photograph identifies it. This foundation was provided by the testimony of the investigators, Hutchinson and Olexy. It is well settled that the photograph need not be identified by the person who took it to be admissible in evidence. State v. Leggett, 363 So.2d 434 (La.1978).
Donald Singleton was with the defendant, Donald Robertson, when the defendant was apprehended by the police shortly after the instant rape. The state was unable to locate Singleton at the time of trial. Since both men had the first name of "Donald" and defense counsel focused the thrust of his defense on misidentification, it was relevant for the jury to have the benefit of a photographic likeness of Singleton for purposes of comparison.
Having ascertained that the photograph was accurately taken, fairly represented the subject in question and was relevant to the case, the trial judge did not abuse his discretion in admitting the photograph in evidence. State v. Strickland, supra.
This assignment of error lacks merit.
*211 For the reasons assigned, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.