478 So.2d 665 (1985)
STATE of Louisiana, Appellee,
v.
Jerry G. LEWIS, Appellant.
No. 17333-KA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1985.
*666 Lee E. Ineichen, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, James Allan Norris, Jr., Dist. Atty., Robert *667 S. Kennedy, Jr., Asst. Dist. Atty., Monroe, for appellee.
Before HALL, SEXTON and LINDSAY, JJ.
SEXTON, Judge.
After a trial by jury, defendant, Jerry G. Lewis, was convicted as charged of distribution of marijuana, in violation of LSA-R.S. 40:966. He was sentenced to a term of three years imprisonment at hard labor and fined $750 and, in default thereof, to serve six months in jail. From this conviction and sentence, defendant now appeals, urging five assignments of error. We affirm.
The facts which form the basis of this prosecution may be briefly stated. On July 16, 1984, Undercover Officer Zandria Faye Moore of the Metro Narcotics Unit, along with a confidential informant, went to Malone's Cafe in West Monroe where, through a third person, they met the defendant, Jerry Lewis. Lewis and the third person got into the rear of Moore's car. Moore drove several blocks, then stopped the car and turned around to talk with Lewis.
Defendant introduced himself as Jerry Lewis and stated that he worked as a utility meter reader in Ouachita Parish. After some discussion, Lewis opened his pants, reached down and produced several bags of marijuana. Moore purchased one of these bags from the defendant for $20.00.
After concluding the transaction and returning Lewis and the third person to Malone's Cafe, Moore delivered the purchased marijuana to Metro Officer Pat Stewart and told him she had purchased it from a man who told her his name was Jerry Lewis and that he worked as a meter reader. Several days later, Stewart showed a photograph to Moore. Moore identified the person as Jerry Lewis, noting that the hairstyle was different. Defendant was subsequently arrested and charged with distribution of marijuana.

Assignment of Error No. 1
Defendant complains that the trial court erred in admitting two photographs of the defendant into evidence because the defense had not been informed of the existence of the photographs prior to trial in response to a motion for discovery.
Prior to trial, the defendant filed a motion for discovery requesting the right to be informed of any books, papers, documents, photographs or other tangible objects the state intended to use at trial. In response to that inquiry, the state answered that inspection of that evidence would be allowed at a mutually agreeable time and place upon five days written notice.
On motion of the defendant, the court shall order the district attorney to permit or authorize defendant to inspect or examine tangible objects which are within the possession, custody or control of the state and which are intended for use by the state as evidence at the trial. LSA-C.Cr.P. Art. 718. State v. Hooks, 421 So.2d 880 (La. 1982), held that the discovery articles referring to tangible objects do not require the state to give an itemized list of all evidence in its possession and how each was obtained, but rather only require that defendant be allowed to inspect, copy or photograph those documents or reports that are in the control of the state. Hooks also found that the state's response that defendant would be allowed to inspect at his convenience any physical evidence relevant to his case was adequate compliance with the requirements of Articles 718 and 719. See also State v. Volpe, 447 So.2d 48 (La.App. 1st Cir.1984), writ denied, 450 So.2d 967 (La.1984).
Thus, in this case the defense asked to inspect the items listed in its motion and the state agreed. The defense did not seek a supplemental response from the state detailing the items available. Most importantly, the defense did not avail itself of the inspection opportunity made available by the state. Under these circumstances, the defendant should not now be heard to complain of the admissibility of physical items which were readily available for inspection.[*] *668 This assignment of error lacks merit.

Assignment of Error No. 2
Secondly, appellant complains that the trial court erred when it denied his motion to suppress an identification of the defendant by the state's witness, undercover officer Zandria Faye Moore. The witness testified that she had been shown one photograph of the defendant by a fellow officer shortly after the offense and was later shown another photograph. Defendant asserts that the showing of one photograph to Moore was unduly suggestive and led to a likelihood of an irreparable mistaken identification at the trial.
Due process prohibits the conducting of an identification procedure in a manner which is unnecessarily suggestive and conducive to an irreparable mistake in identity. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). In testing the constitutionality of an out of court identification, the suggestiveness of the identification procedure itself must be first examined. State v. Guillot, 353 So.2d 1005 (La. 1977); State v. McLeland, 456 So.2d 633 (La.App. 2d Cir.1984), writ denied, 461 So.2d 312 (La.1984); State v. Clark, 437 So.2d 879 (La.App. 2d Cir.1983), writ denied, 442 So.2d 460 (La.1983).
One on one line up procedures are not favored. State v. Newman, 283 So.2d 756 (La.1973). However, whether or not a suggested identification occurred depends on all the circumstances. State v. Johnson, 333 So.2d 223 (La.1976). In State v. Johnson, supra, the Supreme Court stated that the presentation to the victim of two photographs, one of each defendant, after defendants had been taken into custody, was a practice not to be lightly condoned considering the strong potential for misidentification.
In the instant case, the undercover police officer gave the name and occupation of the defendant to Detective Pat Stewart of the Metro Narcotics Unit shortly after the drug buy. Three days later, Detective Stewart showed a picture to Officer Moore and asked her if that was Jerry Lewis. She responded that it was Jerry Lewis but that his hairstyle was different from when she had seen him before. Later Moore was shown another picture, an enlargement of Lewis's driver's license. She made a positive identification of the defendant on each occasion.
At this juncture it is important to reiterate and underscore the fact that the witness in this instance was a trained police officer engaged in a controlled narcotics buy. She was not the victim of a crime. The nature of her contact and observation of defendant diminishes the suggestiveness of the procedure and in that significant respect, this case is factually distinct from Neil, supra; Guillot, supra; Johnson, supra; Newman, supra; McLeland, supra; and Clark, supra. As we noted in McLeland, it is the likelihood of misidentification which creates a due process violation, not merely the suggestive identification procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Guillot, supra. Therefore, unless this marginally suggestive display created a substantial likelihood of misidentification, exclusion of the in-court identification is not required. Manson v. Brathwaite, supra.
In Manson v. Brathwaite, supra, a case involving a one picture photographic line-up to an undercover narcotics officer, just as in the instant case, the United States Supreme Court reiterated its reliance on standards established in Neil v. Biggers, supra for determining the admissibility of identification testimony. These *669 standards were adopted by the Louisiana Supreme Court in State v. Guillot, supra. Applying the Manson criteria to the present factual circumstances reveals the following:
1. The Opportunity to View: The undercover police officer was with the defendant approximately fifteen minutes. She stated that at the time she pulled the car over, she turned around in the driver's seat so that she was facing the defendant in the back. Consequently, she had the opportunity to view the defendant while the conversation and drug transaction was concluded. The officer also testified that at the time of the crime, which was in the early evening hours on a summer day, it was not yet dark.
2. The Degree of Attention: As in Guillot, supra, the undercover police officer was not a casual observer, and most certainly had her attention rivited to the defendant with the view that she would have to present identification testimony in court at his trial.
3. The Accuracy of the Description: The undercover police officer in this case made no physical description of the defendant prior to viewing the photograph but did, however, give his name and his occupation to the detective investigating the case. Additionally, upon viewing the photograph, she noted that certain physical characteristics were different, i.e., that defendant had changed his hairstyle.
4. The Witness's Level of Certainty: The witness made a positive identification.
5. The Time Between the Crime and the Confrontation: The undercover police officer viewed the photograph of the defendant only three days after the offense was committed.
When these indicia of reliability are weighed against the corruptive effect of the identification process, which we heretofore found to be diminished by virtue of the fact that the witness was a trained undercover police officer engaged in a controlled narcotics buy, it is clear that there was not a significant chance of misidentification under these circumstances. Consequently, the defendant was not denied his due process rights. The trial court did not err in denying the motion to suppress the subsequent identification in court. This assignment is without merit.

Assignment of Error No. 3
In this assignment of error, defendant contends that the trial court erred in failing to give the jury his specially requested charge regarding entrapment.
LSA-C.Cr.P. Art. 807 states that a requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. See also, State v. Johnson, 438 So.2d 1091 (La.1983); State v. Lane, 414 So.2d 1223 (La.1982); State v. Toomer, 395 So.2d 1320 (La.1981). This charge, however, must be supported by the evidence. State v. Telford, 384 So.2d 347 (La.1980); State v. Birdsong, 452 So.2d 1236 (La.App. 2d Cir.1984), writ denied, 457 So.2d 1200 (La.1984). As stated in Birdsong, supra, this rule is a corollary of the trial judge's basic obligation under LSA-C.Cr.P. Art. 802 which obligates the trial judge to charge the jury as to the law applicable to the case. Under LSA-C.Cr.P. Art. 802, the trial judge is required to cover every phase of the case supported by the evidence whether or not accepted by him as true. State v. Simmons, 422 So.2d 138 (La.1982); State v. Miller, 338 So.2d 678 (La.1976).
The defendant claims that he presented a valid entrapment defense through the cross-examination testimony of the state's witness, Zandria Moore, who testified that she had never seen the defendant before, had never heard of him selling drugs before, had never heard of him from anyone at Metro Narcotics, and that she had never purchased any drugs from him before. He also relies upon Mrs. Moore's statement that it was not the defendant who instigated the conversation about drugs, but was instead instigated by a third person who had supposedly made contact with the defendant.
*670 In State v. Cook, 460 So.2d 1075 (La. App. 2d Cir.1984), writ denied, 466 So.2d 465, 466 (La.1985), this court discussed the defense of entrapment as follows:
An entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official for the purpose of obtaining evidence of the commission of an offense solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not then otherwise disposed to do so. State v. Batiste, 363 So.2d 639 (La.1978). When entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant to commit the crime at issue as well as on the conduct of the police. State v. Batiste, supra. For entrapment to exist, a defendant must be induced in some way to engage in criminal conduct which he otherwise would not be disposed to engage in. An entrapment defense will not lie if the officers or agents have merely furnished a defendant who is predisposed to commit the crime the opportunities to do so. State v. Moody, 393 So.2d 1212 (La.1981).
In the instant case, the defendant offered no evidence in his case in chief. Thus, the only evidence before the jury was the testimony on direct of the undercover officer, Mrs. Moore, and the surveillance officer, Detective Pat Stewart, and the cross-examination of these officers. Neither the direct examination nor the cross-examination suggested that the defendant was induced in some way to engage in this criminal conduct. Moreover, this testimony in no way indicated that the defendant was not predisposed to engage in the offense charged. Consequently, the trial court properly refused to include an entrapment jury charge, as such a charge was not pertinent to the facts of this case and not supported by the evidence. This assignment lacks merit.

Assignment of Error No. 4
In this assignment the defendant claims that the trial judge erred in allowing the admission into evidence of photographs received from the sheriff's department and from the driver's license bureau without the proper foundation.
Generally, photographs are admissible into evidence when they are shown to have been accurately taken, to be a correct representation of the subject in controversy, and when they shed light upon the matter before the court. State v. Strickland, 398 So.2d 1062 (La.1981); State v. Taylor, 448 So.2d 773 (La.App. 2d Cir.1984); State v. Robertson, 454 So.2d 205 (La.App. 1st. Cir.1984), writ denied, 458 So.2d 487 (La.1984). A photograph need not be identified by the person who took it to be admissible into evidence. State v. Bates, 397 So.2d 1331 (La.1981); State v. Robertson, supra. A proper foundation for admission into evidence of a photograph is laid when a witness having personal knowledge of the subject depicted by the photograph identifies it. State v. Bates, supra; State v. Robertson, supra. Sufficiency of identification of a photograph for purposes of its admissibility into evidence rests largely within the discretion of the trial judge. State v. Strickland, supra. Herein, the subject of the photograph, the defendant, was identified by the arresting officer. We discern no abuse of discretion in the trial court's determination that these photographs were properly identified prior to their receipt into evidence. Thus, this assignment of error is meritless.

Assignment of Error No. 5
The final assignment of error is that defendant's sentence was unconstitutionally excessive. Distribution of marijuana, LSA-R.S. 40:966, carries a maximum penalty of ten years at hard labor and a fine of $15,000.00. The defendant was sentenced to three years at hard labor plus a fine of $750.00 and costs, and in default of payment of fine and costs, to serve six additional months in jail. Thus, defendant received approximately one-third of the maximum prison term.
It is well-settled that the sentencing judge is given wide discretion in imposing a *671 sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra.
Defendant's chief complaint is that the trial judge failed to give proper consideration to the fact that he is separated and has three children to support, that he has a satisfactory employment record, and that he has no indication of any involvement with drugs other than this offense. However, a review of the record reveals that this assertion is incorrect. Before the sentence was pronounced, the trial judge questioned the defendant concerning his separation and his children. The defendant stated that he paid no child support but did send his wife $75.00 every two weeks. Furthermore, defendant's employment record was thoroughly considered. Because the trial judge did consider these factors and because the sentence is in the lower one-third of the maximum range, the sentence given was well within the discretion of the trial judge. Hence, this assignment of error is without merit.
Having found no merit to the claims of the defendant, his conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Compare State v. Ray, 423 So.2d 1116 (La.1982). There the defense inquired of the existence of certain specific items and the state responded with a list of its physical evidence. Apparently, subsequent to the state's affirmative response, an additional item of physical evidence was discovered and the state failed to supplement its original response to reflect the existence of the newly discovered item. The Supreme Court found that any possible prejudice was harmless due to the strength of the state's case.