416 So.2d 71 (1982)
STATE of Louisiana
v.
Clarence BUXTON.
No. 81-KA-1911.
Supreme Court of Louisiana.
June 21, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David Plavnicky, Michael Simpson, Louise S. Korns, and John H. Craft, Asst. Dist. Attys., for plaintiff-appellee.
Vernon Thomas, Dwight Doskey, New Orleans, for defendant-appellant.
MARCUS, Justice.[*]
Clarence Buxton was charged by bill of information with simple burglary in violation of La.R.S. 14:62. After trial by jury, defendant was found guilty as charged and sentenced to serve five years at hard labor. On appeal, defendant relies on one assignment of error for reversal of his conviction and sentence.[1]
Defendant contends the state failed to produce sufficient evidence to sustain the conviction, specifically that there was an "unauthorized entering."
La.R.S. 14:62 provides:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or theft therein ....
The record reflects that on October 1, 1980, defendant and another male removed two doors and a marble mantelpiece from a house at 1737 Jackson Avenue, belonging to Ms. Stella Roman. Due to her advanced age (87 years) and ill health, Ms. Roman could not be present in court to testify. She authorized William J. Wegmann, Sr., *72 her attorney, to testify on her behalf regarding this matter. Mr. Wegmann testified that besides himself only certain named persons had authority to enter the premises. He further stated that defendant was not authorized to be in the house nor to remove any of the contents therefrom. Mr. Wegmann stated: "No one had authority to remove any of the contents from the building, including myself." He also stated: "No one had authority to be on the premises other than the people I have named." While admitting on cross-examination that there could have been persons of whom he was not aware who had authority to enter the residence, he again stated on redirect examination that defendant did not have authority to enter the premises or to take items therefrom.
Gerald Edward Harmon, a construction foreman, testified that he was working on the house at 1722 Jackson Avenue at about 2 o'clock in the afternoon on October 1, 1980, when he noticed a car with a door laying on top of it and parked beside the house at 1737 Jackson Avenue. Mr. Harmon had been advised by his boss to watch the house. Knowing that the house was unoccupied and that there were never any cars parked there, Mr. Harmon crossed the street to investigate. He observed two men come down the back stairs of the house carrying the top of a mantel and put it in the back seat of the car. He then noticed the men go back inside the house and reappear a few seconds later carrying the sides of the mantel which they also put into the car. At this point, Mr. Harmon went to his house located two doors away and called his boss on the telephone. His boss told him that he would call the police and instructed Mr. Harmon to return to 1737 Jackson Avenue and tell the men to leave "that stuff alone, that it didn't belong to them." When Mr. Harmon went outside, he flagged down a passing police car and asked the policeman to accompany him. As Mr. Harmon and the police officer approached the house, the two men were trying to put a second door on the roof of the car. When the two men saw the police officer, they dropped the door. Mr. Harmon positively identified defendant as one of the two men he had seen removing the doors and mantel from 1737 Jackson Avenue.
Patrolman Louis Trudeau testified that he was patrolling Jackson Avenue at about 2 o'clock in the afternoon on October 1, 1980, when he was flagged down by Mr. Harmon. After speaking with Mr. Harmon, he proceeded to 1737 Jackson Avenue. There, he observed defendant and another male leave the house carrying a door which they began to put on top of a car. When the two men saw the officer, they dropped the door. Officer Trudeau placed them under arrest at that time. The two men later helped the officer carry the items back inside the house.
On review of the sufficiency of the evidence to support a criminal conviction, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The rule as to circumstantial evidence is that the evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438. Thus, on review of a conviction based on circumstantial evidence, we must determine that viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Austin, 399 So.2d 158 (La.1981).
After review of the evidence in this case, we are convinced that defendant was not authorized to enter the premises at 1737 Jackson Avenue nor was he authorized to remove any of the contents therefrom. Mr. Wegmann testified that only certain named individuals besides himself were authorized to enter the house. He emphatically stated that no one had the authority to remove any of the contents of the house and that other than the named individuals no one had the authority to enter the house. While admitting that there could have been *73 persons of whom he was not aware who had authority to enter the residence, Mr. Wegmann specifically stated that defendant did not have the authority to enter the house or to take items therefrom. In addition, Mr. Harmon testified that he had been specifically asked to watch the premises and had seen defendant enter the house and carry out the doors and mantel. Both Mr. Harmon and Officer Trudeau stated that when the officer approached defendant and his male companion, they dropped the door they were carrying. Clearly, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. Accordingly, defendant's conviction should be affirmed.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
LEMMON, J., concurs.
NOTES
[*] Judges William Norris III and Fred C. Sexton, Jr. of the Second Circuit Court of Appeal and Judge Robert L. Lobrano of the Fourth Circuit Court of Appeal participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] Defendant designated two errors to be urged on appeal. However, he neither briefed nor argued one of these assigned errors; therefore, we consider it to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).