430 So.2d 171 (1983)
STATE of Louisiana, Appellee,
v.
Alfred WHITE, Appellant.
No. 15264-KA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
Writs Denied June 3, 1983.
*172 Dawkins, Coyle & Carter by Michael S. Coyle, Ruston, for appellant, Alfred White.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, T.J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee, State of La.
Before PRICE, HALL and NORRIS, JJ.
PRICE, Judge.
The defendant, Alfred White, was convicted of the offense of attempted simple burglary, LSA-R.S. 14:27 and 14:62. Subsequently, the defendant was sentenced to four years' confinement at hard labor. Taking an out-of-time appeal from this conviction and sentence, the defendant cites three assignments of error. The essence of the alleged errors is as follows: (1) the evidence adduced at trial was insufficient to uphold the conviction; (2) the trial court erred in allowing the State to introduce evidence without sanction for the State's failure to respond to the defendant's discovery motion; (3) the trial court erred in accepting the State's witnesses as experts in the field of fingerprinting without sufficient evidence that they possessed expertise in this field.
On January 1, 1981, a residence in Lincoln Parish was discovered burglarized. Several personal items were taken from the home including a tape recorder, two cameras and some jewelry. Investigators lifted latent prints which were later matched to the defendant's fingerprint. A reliable confidential informant had given information to the police that Alfred White was seen in possession of several items fitting the description of the stolen property. Thereafter, White was arrested and charged with simple burglary.

ASSIGNMENT OF ERROR NO. 1:
The defendant contends that the evidence produced by the State was insufficient to uphold a conviction in that the evidence failed to exclude every reasonable hypothesis *173 of his innocence. In particular it is argued that the State failed to prove the element of specific intent. The defendant claims that despite the evidence of his unauthorized presence in the premises, the evidence was insufficient to prove he intended to commit a theft or a felony therein.
On review of the sufficiency of the evidence to support a criminal conviction, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Buxton, 416 So.2d 71 (La.1982). LSA-R.S. 15:438 provides that in order to convict using circumstantial evidence, this evidence must exclude every reasonable hypothesis of innocence. Therefore, the proper determination on review of a conviction based on circumstantial evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Buxton, supra; State v. Austin, 399 So.2d 158 (La.1981).
After review of the evidence in this case, it is clear that at some time prior to January 1st, the defendant did make an unauthorized entry into the burglarized residence. The victim, who lives alone in the house, testified that he did not authorize the defendant to enter the premises. The homeowner was vacationing from December 20 to January 1, leaving the premises vacant during this period. Upon return he discovered the back porch screen door had been slashed to facilitate entry. Also the screen on the back window had been cut, unhooked, and removed from the sill. The backdoor was open and several personal items were missing from the house.
The State produced evidence that White's fingerprints had been lifted from the sill of the back window where the screen had been removed. This window is located on the back porch and can only be reached after entry into the porch area. The victim testified that the screen door of the back porch had been locked upon his departure.
Therefore, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded.

ASSIGNMENT OF ERROR NO. 2:
In the second assignment of error, objection is made to the failure of the trial court to employ against the State one of the sanctions provided by La.C.Cr.P. Art. 729.5. The defendant contends that the State's failure to comply with his discovery motion warranted a ruling by the trial court prohibiting the State from introducing the fingerprints into evidence.
On January 22, 1981, the defendant filed a motion for discovery specifically requesting the right to inspect and test tangible objects which the State intended to introduce into evidence. The record fails to reveal any written response to this motion for discovery. However, there is no indication that the defendant was denied access to the fingerprints. Nor was a motion for continuance filed by the defendant on grounds of the State's failure to comply with the discovery order.
At a preliminary hearing held approximately one week after defendant's motion for discovery and motion for preliminary examination, the State disclosed the fingerprint evidence in question. The two officers who recovered and identified the prints testified in regard to this evidence on direct examination by the State as well as under cross-examination by the defense counsel. The fingerprint evidence was physically available for the defendant's inspection at the preliminary hearing approximately three and one-half months prior to trial.
At trial the defendant objected to the introduction of the fingerprint evidence by the State. The basis for the objection was the failure of the State to respond to the *174 defendant's motion for discovery. The defendant contends that the discovery articles require the State to file a written response to the defendant's motion for discovery. Citing State v. Strickland, 398 So.2d 1062 (La.1981), he argues that a failure by the State to file a response constitutes noncompliance with the discovery articles and requires that the trial judge impose a sanction as provided in Art. 729.5.
The facts of State v. Strickland, supra, are distinguishable from those in the present appeal. In Strickland, the defense was unaware of the existence of the evidence prior to the State's attempt to introduce the document at trial, whereas in the instant case, the record indicates that the State disclosed the existence of the fingerprint evidence at a preliminary hearing held three and one-half months prior to trial.
The discovery rules in La.C.Cr.P. Art. 716 and following are intended to eliminate unwarranted prejudice which could arise from surprise evidence. State v. Toomer, 395 So.2d 1320 (La.1981). There is no indication whatsoever that the defendant in the instant case was prejudiced by the State's failure to file a written response. Therefore, we find that the trial judge acted within his discretion under La. C.Cr.P. Art. 729.5 in allowing the fingerprints to be introduced at trial.

ASSIGNMENT OF ERROR NO. 3:
Lastly, the defendant urges an error by the trial court in accepting two State witnesses as experts in the field of fingerprinting. The record indicates that Officer Harris, one of the expert witnesses, attended eighty hours of instruction at the FBI Fingerprint School in addition to several hours of fingerprint training at the Basic Law Enforcement Academy in Louisiana. Furthermore, he received on-the-job training and instruction from the employees of the Ruston Police Department and has been actively engaged in fingerprint work for approximately one year. The other expert witness, Officer Kavanaugh attended the FBI Fingerprint School consisting of approximately eighty hours of training in fingerprinting. Through his employment with the police department, he has been involved in the lifting and developing of fingerprints at crime scenes and has previously testified as an expert witness in this field.
The competency of an expert witness is a question of fact to be determined within the sound discretion of the trial judge. LSA-R.S. 15:466. The trial court's ruling on the qualification of experts will not be disturbed unless clearly wrong. State v. Coleman, 406 So.2d 563 (La.1981).
For the foregoing reasons, defendant Alfred White's conviction and sentence are AFFIRMED.