FORET, Judge.
Defendant, Wesley Lee, was charged by bill of information with the theft of money in excess of $500, in violation of LSA-R.S. 14:67. Defendant plead not guilty. A unanimous six-person jury found the defendant guilty as charged. On November 16, 1984, the trial court, after denying the defense’s motion for a new trial, sentenced defendant to five years at hard labor. Defendant has appealed and urged the following assignments of error:
(1) The trial court erred when it failed to grant defendant’s motion to quash, as venue for the charged offenses was improper in Lafayette Parish.
(2) The trial jury committed error, as the State failed to meet its burden of proof, beyond a reasonable doubt, as to each and every essential element of the offense charged.
(3) The trial court erred in failing to sufficiently articulate the basis for the defendant’s sentence.
(4) The trial court erred in sentencing defendant to an excessively lengthy sentence.
(5) The trial court erred in refusing to grant a new trial to defendant.
FACTS
In March of 1983, defendant, Wesley Lee, entered into an employment relationship with KHYS, a radio station located in Port Arthur, Texas, whose listening audience extended into Louisiana. As a salesman for the radio station, defendant solicited advertising in Louisiana, particularly in the Lake Charles and Lafayette areas. During the summer of 1983, defendant sold advertising to two organizations in Lafayette: the Southern Development Foundation and the Association of Body and Soul. Both organizations purchased air time to advertise concerts which they were promoting.
The Southern Development Foundation paid for its advertising time with two checks, one for $552 and the other for $288. Defendant requested that these checks be made payable to him, but the representa *227 tives of the Southern Development Foundation insisted that the checks name the radio station as joint payee. The Association of Body and Soul paid for its advertising time with one check for $400, made payable to defendant alone. All of the advertisements purchased by the two Lafayette organizations were aired by KHYS.
Defendant admitted cashing all three checks, but insisted that he had turned over the proceeds to the station’s bookkeeper. Although it was station policy that the accounts of concert promotion organizations must be paid in cash, the station manager, Jim Smith, testified that he had approved credit for both of the Lafayette organizations and had informed defendant of this fact. Following the airing of the advertisements, KHYS billed the two Lafayette organizations. The two organizations then informed KHYS that the air time had already been paid for and provided Smith with cancelled checks. In September of 1983, Smith confronted defendant with the cancelled checks which bore defendant’s endorsements. Smith testified that at that time he fired defendant and gave him ten days to make restitution. Smith further testified that when he accused defendant of having stolen the proceeds of the checks, defendant did not deny his allegation, and that when he asked defendant why he had done it, defendant had answered: “It’s tough out there, Jim, and if you’re going to make it you have to hustle.”
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant contends that the State failed to meet its burden of proof. In reviewing the sufficiency of evidence, an appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact would have found that every essential element of the crime was proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
At trial, defendant admitted receiving and cashing the three checks, the aggregate amount of which was $1,240. Proof that defendant intended to deprive KHYS of the proceeds of these checks permanently was provided by the station’s manager, Jim Smith. Smith testified that no money had ever been received in payment of the two Lafayette organizations’ accounts. He further testified that defendant was aware that the two Lafayette organizations had received credit approval, and it follows that defendant knew that he should not have taken payment from the two organizations since KHYS would bill them directly. Smith also testified that defendant was also aware that employees were not authorized to cash checks. When Smith confronted defendant and accused him of stealing the money, defendant offered no explanation, and when he was asked why he had done it, he simply responded: “It’s tough out there, Jim, and if you’re going to make it you have to hustle.” From the foregoing, it is evident that the State proved, beyond a reasonable doubt, that defendant was guilty of a taking or misappropriation of $1,240 and that he had the intent to deprive KHYS of this money permanently. This showing satisfies the State’s burden of proof. See LSA-R.S. 14:67.
ASSIGNMENT OF ERROR NO. 1
Defendant has also claimed that venue was improper. Unless venue is changed, a trial must take place in the parish where an offense was committed. If elements of the offense occurred in more than one parish, venue lies in any of the parishes where an element occurred. LSA-C.Cr.P. Art. 611. Venue must be proven beyond a reasonable doubt[1], and the standard applicable in an appellate review of venue is the standard of Jackson v. Virginia, supra.
*228 When a conversion or taking is accomplished by the cashing of a check, an element of the offense takes place in the place where the drawee bank honors and pays the check, and that parish is a place of proper venue. State v. Cason, 198 La. 828, 5 So.2d 121 (1941); State v. Frank, 355 So.2d 912 (La.1978). In the present case, all three checks were drawn on Lafayette banks and presented for final payment in Lafayette. If, at the time the checks were presented for payment, defendant had formed the requisite intent to deprive KHYS of the proceeds of the checks permanently, Lafayette Parish was a place of proper venue. Given the evidence before it, the jury could have reasonably determined that defendant had formed the necessary intent at the time that he cashed the checks. As we have noted above, there was testimony indicating that at the time defendant received the checks, he was aware that the Lafayette organizations were going to be billed by KHYS and that he should not request the organizations to make payment through him.
ASSIGNMENT OF ERRORS 3 and 4
By these assignments of error, defendant contends that the trial court failed to follow the sentencing guidelines of LSA-C. Cr.P. Art. 894.1 and imposed an excessive sentence.
Art. 894.1 is intended to provide an impartial set of guidelines within which the trial court’s sentencing discretion may be exercised. State v. Douglas, 389 So.2d 1263 (La.1980); State v. Landos, 419 So.2d 475 (La.1982). These guidelines include both aggravating and mitigating circumstances and the record must show that the trial judge considered the mitigating circumstances as well as those militating for imprisonment. State v. Davis, 449 So.2d 452 (La.1984); State v. Duncan, 420 So.2d 1105 (La.1982). In the instant case, although the record shows that the trial court considered some aggravating circumstances, there is nothing in the record indicating that the trial court considered any mitigating circumstances.
The failure of the trial court to comply with the sentencing guidelines does not require that the sentence be set aside if the record otherwise clearly illumines the trial court’s sentencing choice and demonstrates that the sentence is not excessive or arbitrary. State v. Jett, 419 So.2d 844 (La.1982). In the present case, the record before us does not sufficiently illumine the trial court’s sentence. Although it appears a pre-sentence report was prepared, it is not contained in the record before us, and little or nothing can be gleaned from the record of any mitigating factors which might be present. Based on the record now before us, we have grave doubts concerning the sentence imposed by the trial court. It appears that defendant has no prior conviction. The five-year sentence imposed by the trial court appears harsh, but, as we have said, because of the trial court’s failure to follow the guidelines of Art. 894.1, we are not able to fairly judge the appropriateness of the sentence imposed. Therefore, we will remand this case for resentencing and compliance with the guidelines of Art. 894.1. Because of our decision to remand for resentencing, we need not, at this time, address defendant’s contention that the sentence imposed was excessive.
ASSIGNMENT OF ERROR NO. 5
This assignment of error has not been briefed, and, accordingly, is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
ERROR PATENT
In our examination of the record, we have discovered an error patent. An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence must be considered on appeal. LSA-C.Cr.P. Art. 920. In the present case, the sentence was imposed, without objection, immediately after the defense motion for a new trial was denied. The record does not show any waiver of the mandatory twenty-four hour delay in sentencing required by LSA-C. *229 Cr.P. Art. 873. Nevertheless, we need not consider whether this error patent requires remand for resentencing since we have already determined that this case must be remanded for that purpose.
DECREE
For the foregoing reasons, defendant’s conviction is affirmed, but his sentence is vacated, and the case is remanded for re-sentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED, SENTENCE VACATED AND MATTER REMANDED FOR RESENTENCING.

. LSA-C.Cr.P. Art. 615 provides:
“Improper venue may be raised by motion to quash, and in such case the motion shall be tried by the judge alone. Even if the issue of venue has been passed upon by the judge prior to trial, the state on the trial shall have the burden of proving proper venue beyond a reasonable doubt.”