FORET, Judge.
Defendant, Lawrence Sonnier, Jr., was charged by bill of information with simple burglary, in violation of LSA-R.S. 14:62. Defendant was tried before a six-member jury which found him guilty as charged. The trial court sentenced defendant to serve ten years at hard labor with the Department of Corrections, that sentence to run consecutively with another sentence he was then serving.
Defendant has appealed his conviction and sentence and urged two assignments of error in which he claims that:
(1) There was insufficient evidence presented at trial upon which a reasonable trier of fact could have found defendant guilty of the crime charged; and
(2) The trial court erred in the imposition of an excessive sentence in violation of the U.S. Constitution’s prohibition against cruel and unusual punishment, and in failing to follow the sentencing guidelines of LSA-C.Cr.P. Art. 894.1.
FACTS
On October 4, 1984, at approximately 6:00 A.M., Bill Weaver and his son arrived at the Airport Canal Station to open for business. When they entered the building which housed the business, they noticed that there was cash register paper on the floor and that the air conditioning unit had been pushed back out of the wall. Missing from the store were the cash register, a .22 *495 caliber pistol, 40 cartons of cigarettes, 25 cases of beer, and a television set. The two men did not disturb anything in the store and immediately notified the St. Landry Parish Sheriffs Department. Soon thereafter, several deputies arrived on the scene and began an investigation.
In an attempt to lift fingerprints at the scene, two of the deputies, Spyrer and Fon-tenot, dusted several items, including a cigar box. The deputies were able to lift several latent prints from the cigar box, and these were sent to the crime lab for analysis. Syble Guidry, a latent fingerprint examiner with the state crime lab, examined the latent prints lifted from the Airport Canal Station and compared them to four suspect cards, one of which contained the fingerprints of defendant. Ms. Guidry determined that three of the eight prints submitted matched the fingerprints on the suspect card of the defendant.
Acting on this information, the St. Landry Parish Sheriffs Department arrested defendant for burglary of the Airport Canal Station. He was taken into custody and later charged with the crime of simple burglary.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant contends that there was insufficient evidence to find him guilty of the crime of simple burglary. In reviewing the sufficiency of evidence, an appellate court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that every essential element of the crime was proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Duncan, 420 So.2d 1105 (La.1982). LSA-R.S. 15: 438 requires that, as to circumstantial evidence, this evidence must exclude every reasonable hypothesis of innocence. Accordingly, in a case such as the present one where a conviction rests upon circumstantial evidence, the Jackson v. Virginia standard may be reformulated to require that an appellate court determine whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Austin, 399 So.2d 158 (La.1981); State v. Latiolais, 453 So.2d 1266 (La.App. 3 Cir.1984), writ denied, 458 So.2d 125 (La.1984).
Defendant was found guilty of the crime of simple burglary which is:
“Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Article 60.”
Defendant’s fingerprints were found on a cigar box which had been kept under a glass case behind the store counter. According to the owner of the store, money taken in from the sale of items located in the glass case was placed in the cigar box. The owner testified that when he opened for business on October 4, 1984, the cigar box was not at its usual place. Two of the employees of the Airport Canal Station testified that the customers did not have access to the cigar box under the counter and that a customer, including the defendant, could not have reached the box without having to reach very far over the counter or actually coming behind the counter itself.
Defendant had been in the store on October 3, 1984, while it was open for business. The establishment’s employees, however, testified that defendant had not reached over the counter nor gone behind it and that they would have noticed if he had done so. Even one of the defendant’s witnesses, Ricky James Sonnier, testified that the defendant had not touched the box behind the counter during business hours on October 3, 1984. Under the circumstances, the only reasonable hypothesis to explain the presence of defendant’s fingerprints on the cigar box is that defendant was the individual or one of the individuals who made an unauthorized entry of the store and stole a number of items. There was sufficient evi *496 dence to support defendant’s conviction for simple burglary.[1]
ASSIGNMENT OF ERROR NO.2
In this assignment of error, defendant alleges that the trial court failed to follow the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 and imposed an excessive sentence.
The guidelines of Art. 894.1 include both aggravating and mitigating circumstances, and the record must show that the trial judge considered the mitigating circumstances as well as those militating for imprisonment. State v. Davis, 449 So.2d 452 (La.1984); State v. Lee, 478 So.2d 225 (La.App. 3 Cir.1985). In the present case, although the record does show that the trial court considered the aggravating circumstances, there is nothing in the record indicating that the trial court considered any mitigating circumstances. Nevertheless, the failure of the trial court to comply with the sentencing guidelines does not require that the sentence be set aside if the record otherwise clearly illumines the trial court’s sentencing choices and demonstrates that the sentence is not excessive or arbitrary. State v. Jett, 419 So.2d 844 (La.1982). In the present case, the record does sufficiently illumine the trial court’s sentence and, perhaps, its failure to note that it considered the mitigating factors set forth in Art. 894.1. Our examination of the record shows that these mitigating factors were not applicable to this case. Although the defendant is young, this is his second felony conviction for simple burglary. His first conviction was for burglary of the same establishment. The incident giving rise to his second conviction occurred while he was on probation for his first conviction. The defendant is single and, apparently, has no dependents. In light of these facts, we find that the ten-year sentence imposed upon the defendant by the trial court is not excessive. This assignment of error is without merit.
DECREE
- For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs in the conviction and sentence.

. In State v. White, 430 So.2d 171 (La.App. 2 Cir.1983), writs denied, 433 So.2d 1055 (La.1983), the court found that the presence of defendant’s fingerprints on the sill of a back window through which a burglarized residence had been entered was sufficient evidence to support the defendant’s conviction of attempted simple burglary.