FORET, Judge.
Defendant, Wesley Lee, was found guilty of theft in excess of $500, a violation of LSA-R.S. 14:67, on August 17, 1984. He was sentenced to five years at hard labor on November 16, 1984. He appealed his conviction and sentence. On appeal, this Court, 478 So.2d 225, remanded the case for resentencing in compliance with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. State v. Lee, 478 So.2d 225 (La.App. 3 Cir.1985). Defendant was resentenced on February 24, 1986, to serve five years at hard labor. From this resentencing, defendant appeals.
The facts of the case were articulated in our previous opinion and need not be repeated herein.
ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant contends the trial court failed to sufficiently articulate the basis for his sentence under the guidelines of LSA-C.Cr.P. art. 894.1.
At the resentencing hearing, the trial court stated the following considerations in sentencing the defendant to five years at hard labor:
“This matter having been regularly set for this date on a re-sentencing was called and proceeded as follows:
THE COURT: The Court of Appeal, Third Circuit, has ruled that maybe my sentence of five years was too harsh. Inadvertently they did not have the pre-sentence investigation report, which I will now make part of the record, Madam Clerk. I will not discuss it publically except to say that it recommends incarceration for the reasons outlined therein, which the Court accepts. The Court is of the opinion that there is undue risk in turning him loose on a suspended sentence because of his past activities, his propensities. He has shown no remorse for his crimes, those involved in this conviction. The Court is of the opinion that he is in need of institutionalization for correctional treatment; maybe it will change his philosophy and will not prey on the innocent people that he comes in contact with. Maybe it will change his way of thinking instead of attempting to live on the hard earnings of others he will apply himself and use his native intelligence and his education in a constructive manner.
The Court makes as part of its reasons for imposing the same five year sentence at hard labor in custody of the Department of Safety and Corrections the pre-sentence report. The Court is satisfied to give a lesser sentence would deprecate the seriousness of the crime. In my opinion I was very generous by simply giving a five year sentence. And that was only because this is a first conviction. In my opinion, he would deserve the maximum if anybody ever does. Nevertheless, I’m satisfied the Court of Appeal will not sanction anything above five years; but I’m applying the same sentence.”
Defendant contends that these articulated reasons were insufficient to comply with Art. 894.1.
Compliance with the requirements of Article 894.1 does not necessitate an articulation of every aggravating and mitigating circumstance enumerated in the article. However, the record must affirmatively re- *739 fleet that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence.
In this instance, the court specifically stated for the record some of the guideline considerations listed in Article 894.1. The important elements the sentencing judge must adequately consider in particularizing defendant’s sentence are defendant’s personal history, any prior criminal record or absence thereof, the seriousness of a particular offense, and the likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983). The trial judge considered all of these factors and adequately complied with the guidelines of Article 894.1.
For the foregoing reasons, this assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court imposed an unconstitutionally excessive sentence, in violation of the Louisiana Constitution, Article I, § 20.
Defendant was resentenced to five years at hard labor, the same sentence originally imposed. The maximum sentence for a violation of LSA-R.S. 14:67, theft of over $500, is ten years at hard labor and a fine of $3,000.
In the present appeal, the trial court included the pre-sentence investigation report into the record. The pre-sentence report shows that defendant is a 35-year-old first offender. However, the report also states that defendant has been involved in criminal activity for a long period of time, but has to date eluded the authorities. According to a Lafayette area criminal investigator, defendant had been involved in criminal activity as a con artist who “uses his smooth manners, voice and way of dressing to bilk money out of harmless people.” After interviewing defendant, the investigator concluded that defendant would continue to commit crimes of this sort unless he was incarcerated. Defendant is presently an insurance salesman and thus in a position to continue duping unsuspecting buyers. Since crime-committing circumstances are present and available to defendant, incarceration appears to be appropriate. Additionally, defendant was previously charged with misusing a Visa credit card belonging to his aunt to the tune of $838.98.
The only mitigating factor in defendant’s favor is that he is a first-time felony offender. Conversely, there are several aggravating factors which would indicate that the sentence is not excessive. There is a risk defendant will commit another crime under similar circumstances; a lesser sentence would appear to deprecate the seriousness of the offense; and defendant appears unlikely to respond to probationary treatment. Additionally, the judge noted that defendant appears to lack any remorse. The sentence defendant received was not within the upper range of the statutory limits. Because the trial judge is given wide discretion in imposing sentences within the statutory limits, they should not be set aside absent manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La. 1984).
Consequently, for the reasons assigned, this assignment has no merit, and defendant’s sentence is affirmed.
AFFIRMED.