562 So.2d 1073 (1990)
STATE of Louisiana
v.
Brian BALLOM.
No. 89-KA-1851.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
*1074 Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Donald O. Pinkston, New Orleans, for defendant/appellant.
Before GARRISON, KLEES and PLOTKIN, JJ.
GARRISON, Judge.
Defendant in this case has appealed from a conviction of possession of 200, but less than 400, grams of cocaine, a violation of R.S. 40:967(F)(1)(b). He has also appealed his sentence of thirty years at hard labor without benefit of probation, parole or suspension of sentence, and a $100,000.00 fine, $159.00 in court costs or thirty days in jail in default there of.
On January 7, 1989 two NOPD officers assigned to the narcotics division received information that drug transactions were occurring in the 3700 block of Benefit Street in New Orleans, Louisiana. They proceeded to this area in street clothes and an unmarked police car. As they approached a driveway in this block, they saw the defendant with a brown paper bag in his hand leaning on an automobile, another man sitting on top of another car and a third man walking up and down. When they made eye contact with the defendant, he dropped the bag he was holding and began to run. The officers chased him and apprehended him crawling under some bricks torn from the lower part of a house located at 3803 Benefit Street. After they arrested him, they returned to the driveway where he had originally been spotted and retrieved the brown bag he had thrown *1075 down. In the bag were eleven smaller bags. Ten of the smaller bags contained one hundred still smaller bags with each of these bags containing a single piece of rock-like substance, later identified as "crack" cocaine. The eleventh bag contained ninety-five smaller bags, each containing "crack".
A review of this case for errors patent reveals that LSA-R.S. 40:967(F)(1)(b) does not authorize the trial court to impose the condition that the sentence be served without benefit of probation, parole or suspension of sentence. Thus, the portion of the defendant's sentence requiring that the sentence be served without benefits is illegal and is deleted.
In his first assignment of error, the defendant contends that insufficient evidence was presented to prove beyond a reasonable doubt the quantity of cocaine in his possession. Specifically, that the sampling procedure used by the criminologist was not comprehensive enough to prove that the defendant was in possession of 200, but less than 400, grams of cocaine. He contends that the one gram of cocaine tested, out of the 260.25 grams was insufficient to convict him of possession of more than 200 grams.
The criminologist testified at trial that he randomly tested the contents of four of the 1095 bags. Each was found to contain .25 grams of pure cocaine. The combined weight of the contents of the bags was 260.20 grams, all assumed to be pure cocaine as per the random tests. The criminologist further testified that this sampling procedure was the standard policy of the department. The defense had stipulated that he was an expert in the field of drug analysis and cross examined the criminologist on his sampling and testing procedures.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Buxton, 416 So.2d 71 (La.1982). In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1983). The elements must be proven such that every reasonable hypothesis of innocence is excluded. R.S. 15:438. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La. 1987). The random testing of 1 gram of cocaine, in the accepted customary practice was reasonable and reliable. The four packages were pure cocaine. There is no evidence to indicate that the other packages were not fungible. The defendant could have employed an expert chemist to rebut the State's witness conclusions.
We believe that, based on the aforementioned facts, a rational juror could have found the defendant to have been in possession of 260 grams of cocaine and, therefore, no error was made.
In his second assignment of error, the defendant asserts that his sentence should be vacated because the trial judge failed to follow the sentencing guidelines of La.C. Cr.P. art. 894.1 and because his sentence is constitutionally excessive.
Defendant in the case at hand was sentenced to thirty years at hard labor, the maximum sentence imposable under R.S. 40:967(F)(1)(b). A constitutionally excessive sentence is one that is disproportionate to the severity of the crime. State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, reh. denied, Brogdon v. Louisiana, 473 U.S. *1076 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985). In determining the excessiveness of a sentence, this court will review the trial court's reasons for the imposition of the particular sentence. State v. Davis, 449 So.2d 452 (La.1984). The trial court's sentencing decision must be based on the criteria set forth in La.C.Cr.P. art. 894.1, which requires the court to specify the factors it has considered when imposing a sentence. The record must reflect the judge's consideration of the criteria in art. 894.1. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, Guiden v. Louisiana, 454 U.S., 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). This criteria includes the personal history and past criminal activity of the defendant, and the severity of his crime. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal on remand, 446 So.2d 1210 (La.1984).
The record in this case reveals that the trial judge did not comply with the sentencing guidelines of art. 894.1. Furthermore, the defendant received the maximum sentence for this offense despite the fact that he had no prior record. Therefore, we vacate the remainder of the defendant's sentence, remanding this case to the trial court for the purpose of resentencing the defendant, in accordance with this opinion.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED IN PART.