463 So.2d 826 (1985)
STATE of Louisiana, Appellee,
v.
Kenneth DALEY, Appellant.
No. 16620-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
Rehearing Denied February 22, 1985.
*827 Indigent Defender Office by Mary A. Brown and Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty. by Richard Carney and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, FRED W. JONES and PRICE, JJ.
FRED W. JONES, Jr., Judge.
The defendant Daley was found guilty by a jury of simple burglary of an inhabited dwelling (R.S. 14:62.2) and sentenced to imprisonment at hard labor for eight years, one of which was without benefit of parole. He appealed and briefed two assignments of error, both of which were based upon the contention that the circumstantial evidence upon which the State relied failed to support the inference that either the defendant or his accomplice made an unauthorized entry into the dwelling in question.
According to the evidence presented at the trial, at about one o'clock on the morning of July 12, 1983, James Murray was awakened by the barking of his dogs. Murray looked out of his window and observed a white van parked across the street, parallel to the side of the house of his neighbor, O.J. Futch. Murray saw someone handing objects to another individual over a fence which enclosed Futch's back yard. That individual would then carry the objects to the described van. Suspecting that something unusual was transpiring, Murray telephoned the police.
Clifford Goree, another of Futch's neighbors, was also awakened by the barking of Murray's dogs. Going to his kitchen window, Goree saw the white van parked by Futch's house. He observed a male walk from behind the vehicle, get into the driver's seat and drive off. Goree observed another male walking down the street from the Futch residence.
Shortly before Murray and Goree were awakened by the barking dogs, 15 year old Walter George was on his way home, walking about three blocks from the Futch house, when he witnessed an individual running with something in his arms from the Futch fence to a white van. Subsequently, another male walked up to the fence from within the yard and handed some objects to the person who had returned from the van. George proceeded to walk up to the two males. Upon seeing him, one of the individuals hurriedly entered the van and shut the door. The other fled into some bushes. After a brief interlude, the occupant of the van called to his accomplice in the bushes. He then got out of the vehicle and began a casual conversation with George. During the course of the conversation, George was able to examine the rear of the van and observed some bumper stickers together with the first three letters of the license plate. At the conclusion of the brief conversation, the two individuals departed in the van. Upon arriving home, George wrote down everything he could remember about the incident.
Just after the van left, Officer Anderson of the Shreveport Police Department arrived upon the scene and was met by Murray, who advised the officer that Futch was absent from home, visiting in Waskom, Texas. Proceeding to the rear of the Futch dwelling, they found the back door of the house standing open and the glass broken out. Anderson entered the dwelling and found that it had been ransacked.
On the morning following the incident, Murray contacted Futch in Texas and informed *828 him of the apparent breakin. Futch returned home and determined that some jewelry, two pairs of binoculars, several guns, a tape recorder, a cowboy hat and a floor jack were missing. Police officers were summoned to dust the dwelling for fingerprints, but none relating to the defendant were found. Several weeks after the burglary, George gave police investigators a description of the van he had observed on the night in question. Detectives subsequently learned that a vehicle matching this description belonged to the defendant. They proceeded to form a photographic lineup and George positively identified Daley as one of the two males he saw near the Futch residence on the night of the burglary.
Daley was arrested in a separate, unrelated incident. His van was searched pursuant to a search warrant and the police found a floor jack, a cowboy hat and a pair of binoculars. Futch identified these items as belonging to him.
At the trial the defendant admitted having been at the Futch residence on the night of the burglary, but stated that he was present at the behest of an acquaintance [whose name he did not reveal] who needed some articles removed from the home of his alleged parents. The acquaintance related that the possessions were left in the bushes outside the house [Futch's] because his parents were out of town and had not left him with a house key. Daley denied ever entering the Futch residence, but admitted the conversation with George. As to the items found in his van by the police, the defendant said that his acquaintance gave them to him in satisfaction of gambling debts.
Obviously, the jury did not believe the defendant, since he was found guilty as charged. In addition, the trial judge denied defendant's motion for a post-judgment verdict of acquittal. The essence of defendant's complaint in his two assignments of error is that the State's evidence does not comport with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) which provides that on review of the sufficiency of the evidence to support a criminal conviction, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
La.R.S. 14:62.2 provides:
§ 62.2
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.
Since there was no direct evidence that either the defendant or his accomplice committed an unauthorized entry of the Futch residence, it is apparent that the State was relying upon circumstantial evidence to prove this essential element of the offense.
The rule with relation to circumstantial evidence is that the evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438.
As was explained in State v. Wright, 445 So.2d 1198, 1201 (La.1984):
"The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Where circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that: `Assuming every fact to be proved that the evidence tends to prove, in order to convict, it *829 must exclude every reasonable hypothesis of innocence.'
"This Court has recognized that R.S. 15:438 is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. State v. Austin, 399 So.2d 158 (La.1981). Ultimately, all evidence, both direct and circumstantial must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. R.S. 15:438 provides an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. As we stated in State v. Chism, 436 So.2d 464 (La. 1983), La.R.S. 15:438 `may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, [but] it emphasizes the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence.'"
The critical question posed here is: does the evidence presented exclude every reasonable hypothesis except that defendant or his accomplice, or both, made an unauthorized entry of the Futch dwelling? We answer in the affirmative. They were present on the night of the burglary and were loading stolen articles into a van which belonged to Daley. The back door of the house was open and had apparently been broken into. When approached by George, the defendant jumped into his van and shut the door. This certainly indicated guilty knowledge on his part. Therefore, the jury properly exercised its prerogative in concluding that the circumstantial evidence ruled out every reasonable theory except that the defendant, his accomplice, or both had made an unauthorized entry into the Futch dwelling.
Even if the evidence showed that the unauthorized entry was made by the "acquaintance" and not by Futch, the defendant would still have been liable as a principal. La.R.S. 14:24 provides that all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. Consequently, evidence of defendant's active involvement in the burglary [loading of stolen items and furnishing transportation for them] would be sufficient evidence for the jury to find that he was guilty as a principal, though he made no unauthorized entry.
Viewing the evidence presented in the light most favorable to the prosecution, a rational trier of fact could have found that the defendant and/or his accomplice made an unauthorized entry into the Futch residence. Therefore, the trial judge properly denied the defendant's motion for a postverdict judgment of acquittal.
For these reasons, we find that defendant's assignments of error are without merit, and his conviction is affirmed.