493 So.2d 806 (1986)
STATE of Louisiana, Appellee,
v.
Clyde Dennis GLENN, Appellant.
No. 17,934-KA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1986.
*807 Clyde Dennis Glenn, St. Gabriel, in pro. per.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., T.J. Adkins, Dist. Atty., Dan J. Grady III, Asst. Dist. Atty., Ruston, for appellee.
Before HALL, C.J., and SEXTON and LINDSAY, JJ.
HALL, Chief Judge.
Defendant, Clyde D. Glenn, was charged by bill of information with the crime of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. After the defendant was found guilty as charged by a jury, the state filed a bill of information alleging that defendant is a third felony offender and should be sentenced in accordance with LSA-R.S. 15:529.1. Finding the defendant an habitual offender, the trial court sentenced the defendant to serve 20 years at hard labor without benefit of parole, probation, or suspension of sentence.
The defendant was granted an appeal, and, after a hearing in the trial court, waived his right to appellate counsel and chose to proceed pro se. We affirm the conviction, but vacate defendant's sentence as a third felony offender, and remand for resentencing.

FACTS
On April 24, 1984, the defendant, Bobby Joe Hamilton, David Andrew Goode, and Tammy Marie Goode were spotted in a secluded area near Highway 80 close to the Grambling Junction by Lincoln Parish Sheriff Deputy Kenneth E. Wesley. Deputy Wesley first noticed a red car with a Texas license plate and observed two or three people approaching a nearby oxidation pond with fishing equipment. Deputy Wesley was aware that the nearby residence of Mike Grafton had been the target of at least two previous burglaries. The deputy drove toward the Grafton residence, turned around, parked his car, got out, and walked some 25 to 30 feet toward the oxidation pond. Deputy Wesley summoned the defendant and the others to come over to his vehicle. At this time, Deputy Wesley noticed that the subjects no longer were carrying the fishing equipment which he had previously seen.
Mike Grafton, who had just arrived home, discovered that his house had been ransacked. Having seen Deputy Wesley, Mr. Grafton walked to where Deputy Wesley was talking to the defendant and the others and told him that his house had been burglarized. Deputy Wesley responded, "I think I have your burglars right here." The defendant and the others were detained at gunpoint, advised of their Miranda rights, and items taken from Grafton's home were recovered at the scene. The fishing equipment and other items belonging to Grafton were found in the weeds and bushes and knives taken from *808 the Grafton home were found on the persons of two of the suspects.
All suspects were arrested and charged with simple burglary of an inhabited dwelling. The charges against Tammy Goode, a juvenile, were dropped. Pursuant to a plea bargain, David Andrew Goode and Bobby Joe Hamilton each pled guilty to middle grade theft and received a sentence of two years at hard labor which sentence was suspended. The defendant was found guilty as charged by a jury and found by the trial court to be an habitual offender.

ASSIGNMENTS OF ERROR
1. The trial court erred in overruling defendant's motion to suppress.
2. The trial court erred in denying defendant's challenge to a prospective juror.
3. The trial court erred in sustaining the state's objection to defendant's questioning of Bobby Joe Hamilton concerning his knowledge of a plea bargain agreement with himself and other defendants; and by limiting the defendant's questioning of David Andrew Goode concerning the same matter.
4. The trial court erred in failing to correct what was known to be perjured testimony and by not eliciting the truth.
5. The trial court erred in not overruling defendant's objection to the admission into evidence of fingerprints taken at the scene of the burglary.
6. The trial court erred in sustaining the state's objection to and limiting the defendant's questioning of Kenneth Wesley concerning the circumstances surrounding the arrest of defendant.
7. The trial court erred in overruling defendant's objection to the state reopening its case.
8. The trial court erred in overruling defendant's objection to the state's questioning of Renwick Payne concerning the defendant's return to the Lincoln Parish Detention Center and allowing Renwick Payne to testify from an unofficial record.
9. The trial court erred in allowing the jury to consider matters not properly before them.
10. The evidence presented in the state was insufficient to prove the guilt of the defendant beyond a reasonable doubt.
11. The trial court erred in finding the defendant to be an habitual offender within the meaning of LSA-R.S. 15:529.1 and by failing to comply with the procedure set out therein.
12. The trial court erred in using constitutionally invalid prior convictions to enhance the defendant's sentence.
13. The trial court erred in imposing an unconstitutionally excessive sentence.
14. The trial court erred in failing to comply with the sentencing guidelines as set forth in LSA-C.Cr.P. Art. 894.1 and by considering and speculating on matters outside the record.

ASSIGNMENT OF ERROR NUMBER 1
By this assignment defendant contends that Deputy Wesley had no reasonable cause to stop the defendants nor probable cause for the arrest and therefore all evidence was seized in violation of the Fourth Amendment and should be suppressed.
Most of the stolen items recovered and offered into evidence, including the fishing equipment, was abandoned, discarded, or hidden in the weeds and bushes prior to any detention or arrest of the defendant and his companions by the police officer. A person cannot expect to drop or discard stolen items with impunity when he sees an approaching police officer. There is no expectation of privacy when property is abandoned and no constitutional prohibition against seizure of abandoned property by police where the property is abandoned prior to detention or arrest. State v. Ryan, *809 358 So.2d 1274 (La.1978). Property abandoned or otherwise disposed of as a result of an unlawful detention or arrest may not be seized and used as evidence, State v. Chopin, 372 So.2d 1222 (La.1979), but such was not the case here. The property was abandoned prior to any stop or detention and, in any event, at the time the defendant and the others were forcibly detained after the victim reported the burglary of his nearby house, the officer had reasonable cause to suspect they were engaged in criminal activity, justifying an investigatory detention. See State v. Daley, 459 So.2d 66 (La.App. 2d Cir.1984); LSA-C. Cr.P. Art. 215.1.
The knives recovered from the persons of two of the suspects other than the defendant were obtained through a search and seizure incident to a lawful arrest based on probable cause. At the time the defendant was forcibly detained or arrested, the officer had knowledge of facts sufficient to justify a belief that the defendant and his companions had committed a crime. The officer knew that the nearby home had been burglarized, the defendant and the others had parked their out-of-state car in a secluded area very near the home, and the officer had seen them carrying fishing equipment (persons do not ordinarily fish in an oxidation pond), which they discarded or hid when the officer approached them. A search incident to a lawful arrest is a recognized exception to the rule that a warrantless search is unreasonable. State v. Ruffin, 448 So.2d 1274 (La.1984).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
By this assignment, defendant contends that the trial court erred in denying defendant's challenge to a prospective juror. However, defendant has neither briefed nor argued this assignment of error. The assignment of error is therefore considered abandoned. State v. Foy, 439 So.2d 433 (La.1983).

ASSIGNMENT OF ERROR NUMBER 3
By this assignment of error, the defendant contends that the trial court improperly limited defense counsel's cross examination of co-defendants Goode and Hamilton in violation of confrontation rights protected by the Sixth Amendment of the United States Constitution. Defendant contends that the trial court sustained several objections by the state when questions were asked of Goode and Hamilton to elicit information concerning the specific conditions of their plea bargain agreement with the state.
The record reflects that defense counsel did not object to the rulings of the trial court in sustaining the state's objections to questions concerning the plea bargain agreements. A defendant must make contemporaneous objection and state his reasons therefor to allow the trial judge the opportunity to rule on it and prevent or cure error. LSA-C.Cr.P. Art. 841; State v. Herrod, 412 So.2d 564 (La.1982); State v. Taylor, 448 So.2d 773 (La.App. 2d Cir. 1984).
Additionally, the record reflects that defense counsel was permitted to extensively question both witnesses concerning their plea bargain agreements with the state since all the conditions of the plea bargain agreements were revealed during the cross examination of both witnesses. We find no prejudice by the trial court's rulings. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 4
By this assignment the defendant contends that the trial court erred in failing to correct known perjured testimony. Defendant asserts that witnesses Goode and Hamilton lied to the jury about the existence of a plea bargain agreement.
The record reflects that this assignment of error has not been perfected for review due to the fact that there was no contemporaneous objection made to the trial court on this basis. LSA-C.Cr.P. Art. 841; State v. Herrod, supra; State v. Taylor, supra. Additionally, whether these two witnesses were not telling the truth was a matter of credibility for evaluation by the jury, not the judge. There is nothing in the record *810 indicating that any of the testimony of either Goode or Hamilton was false.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 5
By this assignment, defendant contends that the trial court erred in overruling his objection to the admission of fingerprints taken at the scene of the burglary. Defendant contends that the greasy fingerprints were unidentifiable and were improperly used as identification evidence.
All evidence which is relevant to an issue of material fact or which supports an inference raised by such a fact is admissible except as otherwise prohibited by the federal or state constitutions, state law, or jurisprudence. State v. Kahey, 436 So.2d 475 (La.1983).
Mr. Grafton testified that he found greasy fingerprints on his refrigerator, walls, and windows throughout the house. Deputy Wesley testified that the defendant had grease on his hands and about his person when he was arrested. Hamilton testified that the defendant had grease on his hands because he had been working on the transmission of his car. None of the other individuals with the defendant had been working on the car and none of the others had grease on their hands. At trial, the prints were offered to show that grease smudge marks were lifted from the refrigerator and other parts of the residence.
Defense counsel objected on the grounds that the prints failed to identify the defendant. However, the state did not offer the prints for fingerprint identification purposes, but only offered the prints as circumstantial evidence that the defendant had entered the Grafton home. Therefore, the lack of identification features in the prints only went to the weight of the evidence for the jury to determine.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 6
By this assignment defendant contends that the trial court erred by sustaining the state's objections to defense counsel's questioning of Deputy Wesley concerning the circumstances surrounding the arrest of the defendant. Defendant contends that the trial court erred in not allowing defense counsel to impeach Deputy Wesley's credibility by showing prior inconsistent testimony.
During cross examination by defense counsel, the state objected to questions regarding the knowledge of Deputy Wesley as to whether or not the defendant had filed a civil suit against him. Deputy Wesley denied that he had any knowledge that the defendant had filed a civil suit naming him as a defendant. The state also objected to questions directed at Deputy Wesley concerning the probable cause for defendant's arrest. The trial court sustained the objection on the basis that the issue had been determined at the motion to suppress hearing. At trial, Deputy Wesley testified that he saw two people carrying fishing tackle. Deputy Wesley also admitted at trial that at the preliminary examination he had erroneously testified that he had seen three people with fishing tackle in their hand.
All evidentiary complaints made by the defendant in this assignment of error have no basis in the record and also lack a contemporaneous objection. The testimony of Deputy Wesley reflects that defense counsel was able to question Deputy Wesley about his knowledge, or lack thereof, concerning defendant's civil suit. The trial court correctly ruled that the issue of probable cause for arrest had previously been determined at the motion to suppress hearing. Additionally, Deputy Wesley readily admitted the inconsistent testimony concerning the number of persons he saw walking and carrying fishing tackle. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 7
By this assignment, defendant contends that the trial court erred by overruling defendant's objection to the reopening of the state's case. However, defendant has neither briefed nor argued this assignment *811 of error and it is therefore considered abandoned. State v. Foy, supra.

ASSIGNMENT OF ERROR NUMBER 8
By this assignment of error, the defendant contends that the trial court erred in overruling defense objections to the state's questioning of Renwick Payne. Specifically, defendant contends that the state was allowed to elicit testimony which placed the defendant's credibility and past criminal conduct before the jury.
Defense counsel called Officer Renwick Payne, a supervisor at the Lincoln Parish Detention Center, for the purpose of proving that the defendant had filed a civil suit against Deputy Wesley. The state, on cross examination, was questioning Officer Payne concerning when the defendant had been at the detention center. The following colloquy took place:
Q: Do you know how long he was there approximately before he made bond?
A: Not exactly.
Q: It wasn'the hasn't been there the whole time has he?
A: Oh, no sir. No sir. He's been gone.
Q: He did make bail?
A: Yes sir, he did.
Q: And was fixed for trial last August?
A: I don't know.
Q: And when didwhen he was returned after hewhenwhen he was found in Texas?
Defense counsel objected on the basis that there had been no foundation laid by the state showing that the defendant was ever anywhere else. Defendant contends that, considering all the testimony in connection with the entire trial, that the jury could easily presume that the defendant was at that time incarcerated in the state of Texas for other crimes.
We find no basis in the record for such a presumption. Officer Payne testified that the defendant had made bail and there was no testimony presented at trial which indicated that the defendant was in prison in Texas for another offense. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 9
By this assignment defendant contends that the trial court erred in allowing the jury to consider matters not properly before them. Specifically, defendant contends that the jury was allowed to consider as evidence of the defendant's guilt the fact that the other defendants in the instant case had pled guilty to the crime and that the state, in closing arguments, incorrectly explained the law of principals under LSA-R.S. 14:24. Defendant contends that the jury was led to believe that he was guilty because his co-defendants had been convicted on guilty pleas.
The record reflects that no contemporaneous objection was made to the closing argument by the state. The record also reflects that the trial court correctly instructed the jury concerning all relevant areas of the law in the present case. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 10
By this assignment defendant contends that the evidence presented by the state was insufficient to prove the defendant's guilt of the crime beyond a reasonable doubt.
Specifically, defendant contends that the state failed to prove that the defendant entered the residence with the intent to commit a theft.
In order to satisfy due process standards, the record evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wright, 445 So.2d 1198 (La.1984); State v. Daley, 463 So.2d 826 (La.App. 2d Cir.1985).
The defendant was found guilty as charged of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. The state presented substantial credible evidence proving beyond a reasonable doubt that the defendant was guilty of the crime charged. First, the defendant and three *812 other individuals were seen by Deputy Wesley near the Grafton home which is located in a secluded area. Deputy Wesley had seen two of the men carrying fishing tackle which was later discovered to be items missing from the Grafton home. Both Bobby Joe Hamilton and David Andrew Goode testified that the defendant had participated with them in the burglary of the home. There was further circumstantial evidence that the defendant had entered the home due to the grease prints that were left throughout the house. The defendant was the only one of the four who had grease about his person and the defendant himself had stated to Deputy Wesley that he had been working on his automobile.
The evidence presented by the state proved beyond a reasonable doubt that the defendant was guilty of the crime charged. This assignment of error is without merit.

ASSIGNMENTS OF ERROR NUMBERS 11 AND 12
By these assignments defendant contends that the trial court erred in finding the defendant to be a habitual offender within the meaning of LSA-R.S. 15:529.1, in failing to comply with the procedure set out therein, and in using constitutionally invalid prior convictions to enhance the defendant's sentence. Although no objections were made in the trial court by the defendant in connection with the sentencing under the habitual defender statute, the defendant argues for the first time on appeal that: (1) the state did not show that the records of the prior convictions were certified by the legal custodian; (2) the state failed to prove that the defendant was represented by counsel in connection with the prior convictions or that the prior guilty pleas were made knowingly and intelligently; (3) the state failed to allege and prove that the prior convictions in the state of Texas would have been felonies if obtained in Louisiana; (4) the state failed to allege or prove a specific discharge date from prison; and (5) the bill of information is defective in that the defendant was convicted of burglary on November 1, 1982 and of unauthorized use of an automobile on April 12, 1979 contrary to the dates specified in the bill of information.
After the defendant's conviction in the present case, the state filed a bill of information alleging that the defendant was a third felony offender as set forth in LSA-R.S. 15:529.1. The state alleged that on April 17, 1979, the defendant was convicted in the state of Texas for the offense of "unauthorized use of motor vehicle" and was sentenced to the Texas Department of Corrections for a term of not less than two years and not more than five years. The state further alleged that on April 18, 1983, the defendant was convicted in the state of Texas for the "offense of burglary" and was sentenced to the Texas Department of Corrections for a term of not less than five years nor more than six years. At the habitual offender hearing, the state introduced two certified records from the Texas Department of Corrections indicating that the defendant had, on April 12, 1979, pled guilty, with representation of counsel, to the offense of "unauthorized use of a vehicle" in violation of the laws of the state of Texas. The second certificate introduced by the state reflects that the defendant on November 1, 1982, pled guilty, represented by counsel, to the offense of "burglary" in violation of the laws of Texas. Each certificate contained the defendant's picture and fingerprints. The state called Deputy Roland Kay as an expert in fingerprint identification. Deputy Kay compared the fingerprints of the defendant which were taken after his conviction in the present case with the prints provided in both Texas certificates. Deputy Kay testified that all three sets of prints came from the same person. The state requested that the court take judicial notice that both sentences to the Texas Department of Corrections were felony convictions under Texas law. The defendant offered no contradictory evidence or objections.
With regard to defendant's contentions that the state failed to prove that the defendant was represented by counsel in connection with the prior convictions or that *813 the prior guilty pleas were made knowingly and intelligently and that the trial court erred in allowing the use of constitutionally invalid convictions to enhance the defendant's sentence, we note first of all that the certificates filed in the record show that defendant was represented by counsel on the occasion of each conviction. Secondly, we note that the defendant made no objections in the trial court concerning the prior convictions. Accordingly, the defendant is relegated to an application for post-conviction relief for the assertion of any claim that the predicate convictions were obtained in violation of his constitutional rights. State v. Martin, 427 So.2d 1182 (La.1983). Issues of to what extent an out-of-state conviction may be collaterally attacked and of burden of proof need not be addressed on this appeal. See State v. McGinnis, 413 So.2d 1307 (La.1981); State v. Holden, 375 So.2d 1372 (La.1979).
The errors in the dates contained in the bill of information requesting an enhancement of the penalty under the habitual offender statute are inconsequential. An habitual offender bill of information does not charge a new crime but is merely a method of informing the court of the circumstances and of increasing the punishment for second and subsequent offenses. State v. Walker, 416 So.2d 534 (La.1982) and State v. Alexander, 325 So.2d 777 (La. 1976). The habitual offender indictment need only inform the accused that he was previously convicted of a felony within the time period set forth in the statute. State v. Rowell, 306 So.2d 671 (La.1975). The defendant was adequately informed of the previous convictions upon which the habitual offender bill was based.
The certificates of the prior Texas convictions were signed by the Record Clerk of the Texas Department of Corrections and were duly authenticated in accordance with 28 U.S.C. § 1739. A certificate in precisely the same form was held to be adequate proof of a prior conviction in State v. Bernard, 366 So.2d 1294 (La.1978).
The certificates of the prior Texas convictions failed to indicate the date of discharge from prison for the prior offenses as required by LSA-R.S. 15:529.1 F. The purpose of this information is to show that the end of the sentence for the prior conviction occurred within five years prior to the commission of the subsequent felony as required by LSA-R.S. 15:539.1 A. As to the 1979 conviction the omission is of no consequence since we find on grounds hereafter stated that the 1979 conviction may not serve as a predicate offense under the habitual offender statute. The omission is also inconsequential as to the November 1, 1982 conviction for burglary because that conviction, and necessarily the defendant's discharge from prison after conviction, was obviously within the five year period prior to the commission of the felony in this state on April 24, 1984.
Although defendant's other contentions previously discussed are without merit, there is merit to defendant's contention that the state failed to show that the defendant's prior Texas conviction in 1979 for "unauthorized use of a motor vehicle" would have been a felony if committed in the state of Louisiana. Under LSA-R.S. 15:529.1 A a prior conviction under the laws of any other state must be for a crime which, if committed in this state, would be a felony. A felony in Louisiana is any crime for which the offender may be sentenced to death or imprisonment at hard labor. LSA-R.S. 14:2(4). The 1979 Texas conviction for "unauthorized use of a motor vehicle," pursuant to which the defendant was sentenced to a term of five years with the Department of Corrections, was a felony in the state of Texas at the time the offense was committed, but the equivalent crime in Louisiana in 1979 was not a felony.
LSA-R.S. 14:68 defines the offense of "unauthorized use of movables" as the equivalent crime in the state of Louisiana to the Texas offense of "unauthorized use of a motor vehicle." Prior to 1980, the penalty for this offense in Louisiana was a fine of not more than $100 or imprisonment for not more than six months or both. Thus, the offense in Louisiana was a misdemeanor. *814 Although the provisions of LSA-R.S. 14:68 were amended by Act 692 of 1980 and again by Act 293 of 1981 to provide for a fine or imprisonment with or without hard labor for the commission of the crime of unauthorized use of movables which have value in excess of $1,000, classifying the offense as a felony after the amendments, the classification of the equivalent offense in the state of Louisiana at the time the Texas offense was committed is the determinative factor. Since the equivalent crime in Louisiana was not a felony at the time the Texas crime was committed, the 1979 conviction could not serve as a predicate conviction for application of the habitual offender law, and it was error patent on the face of the record for the trial court to sentence the defendant as a third felony offender.
The 1982 Texas conviction was for burglary. At the time of commission and conviction for that crime the equivalent offense in Louisiana, burglary as defined in LSA-R.S. 14:62, was a felony. Defendant is, therefore, subject to punishment as a second felony offender.
Since the trial court erred in finding the defendant to be a third felony offender and in sentencing him as such the sentence must be vacated and the case remanded to the district court so that the defendant may be resentenced as a second felony offender.
Additionally, an indigent defendant is entitled to appointed counsel at sentencing. On remand, the district court should afford the defendant the benefit of appointed counsel unless the defendant knowingly and intelligently decides to waive that right.

ASSIGNMENTS OF ERROR NUMBERS 13 AND 14
Because the defendant's sentence must be vacated and the case remanded for resentencing, discussion of these assignments of error dealing with excessiveness of sentence is not necessary.

MOTIONS
While this case was pending on appeal defendant filed motions in this court seeking to have certain documents and exhibits produced and made a part of the record on appeal. All of the documents and exhibits are contained in the record and therefore, the motions are moot and are denied.

DECREE
For the above stated reasons, we affirm the defendant's conviction; however, we vacate the sentence imposed and remand the case for resentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.