FRED W. JONES, Jr., Judge.
In a prior appeal we affirmed the conviction of the defendant Glenn for simple burglary of an inhabited dwelling (La.R.S. 14:62.2) but vacated his 20 year prison sentence as a third felony offender, finding that one of the two prior convictions alleged in the habitual offender bill of information was improperly considered as a felony. State v. Glenn, 493 So.2d 806 (La.App. 2d Cir.1986).
Upon remand to the trial court for resen-tencing as a second felony offender, the defendant was sentenced to prison for 19 years without benefit of parole, probation or suspension of sentence. The defendant appealed, reserving assignments of error which contended the trial judge erred 1) in finding the defendant to be a second felony offender; 2) in subjecting the defendant to double jeopardy by again finding him to be an habitual offender; and 3) in imposing an excessive sentence.

Second Felony Offender

Defendant argues that, during the resentencing proceeding, the state sub *447 mitted no evidence of his being a second felony offender.
In our original opinion we pointed out:
“The 1982 Texas conviction was for burglary. At the time of commission and conviction for that crime the equivalent offense in Louisiana, burglary as defined in La.R.S. 14:62, was a felony. Defendant is, therefore, subject to punishment as a second felony offender.
Since the trial court erred in finding the defendant to be a third felony offender and in sentencing him as such the sentence must be vacated and the case remanded to the district court so that the defendant may be resentenced as a second felony offender.” p. 814.
Consequently, upon remand the duty of the trial judge was simply to sentence the defendant as a second felony offender and not to again find the defendant to be a second felony offender. This assignment is without merit.

Double Jeopardy

Defendant contends the trial court’s sentencing of him as an habitual offender twice (originally and upon remand) subjected him to double jeopardy.
In State v. Langendorfer, 389 So.2d 1271 (La.1980) there were two multiple offender hearings. After the first hearing the trial court ruled defendant was not a multiple offender. The state supreme court granted the state’s writ application, reversed the finding of the trial court, and ordered a new sentencing. Defendant appealed after the sentencing, arguing the second multiple offender hearing placed him twice in jeopardy as a multiple offender. Rejecting defendant’s contention, the state supreme court noted that a multiple offender proceeding is not the trial of a criminal charge but is merely a part of the sentencing which allows enhanced penalties for repeat offenders. Therefore, double jeopardy is not involved.
Based upon this rationale, we conclude defendant was not subjected to double jeopardy because he was resentenced as an habitual offender.
This assignment lacks merit.

Excessive Sentence

Defendant asserts his sentence to prison for 19 years without benefit of parole, probation or suspension of sentence is excessive. La.R.S. 14:62.2 provides:
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.
As a second felony offender the defendant’s sentence was to be for not less than four years nor more than 24 years. La. R.S. 15:529.1.
A sentence is constitutionally excessive in violation of La. Const. Art. 1, § 20 (1974) if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
Thé test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C. Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Nelson, 449 So.2d. 161 (La.App. 4th Cir.1984); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983). The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The im *448 portant elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir.1985).
Second, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Nelson, supra; State v. Hammonds, supra.
A review of the resentencing proceeding reveals that the trial court did take into consideration the criteria set forth in Article 894.1. He noted that the defendant had an extensive prior criminal record and listed those crimes: burglary, possession of marijuana and unauthorized use of a movable. The trial judge stated that the defendant was in need of correctional treatment. He noted that, although under the law, the defendant was not eligible for suspension of sentence or probation, he did not think that the defendant would have been a likely candidate for probation. He remarked that a lesser sentence would deprecate the seriousness of the defendant’s crime. The court stated that the defendant’s criminal conduct did not cause or threaten bodily harm of any immediate nature. The trial court noted, however, that the burglary of an inhabited dwelling could have led to bodily harm not only to the victims but to the defendant. The court stated that the defendant must have contemplated that his criminal conduct would threaten serious property damage and must have considered that danger of being apprehended. The judge stated that there was no indication that the defendant acted under a strong provocation or that the victims induced him to commit the crime. The court noted that the defendant not only involved himself but also juveniles who were “more susceptible to being involved in this matter.” The trial judge noted that there was no indication whatsoever that the imprisonment of this defendant would impose an excessive hardship on the defendant or any dependents. The trial court observed that the defendant had shown some remorse. In concluding, the court noted for “the record again that it adopts in toto those reasons and support of sentence stated on the record on September 13, 1985 which appear of record.” The above clearly indicates that the trial judge considered all of the factors of Article 894.-1.
Under the circumstances, we do not consider a 19 year prison sentence to be excessive.
However, the qualification that the sentence is to be served without benefit of parole is patently illegal. In State v. Williams, 464 So.2d 451 (La.App. 1st Cir.1985) the same qualification was imposed upon the sentence of a defendant found guilty of simple burglary of an inhabited dwelling and declared an habitual offender. Vacating the sentence, the court explained:
“The maximum sentence for simple burglary of an inhabited dwelling is twelve years at hard labor. At least one year must be served without the benefit of probation, parole or suspension of sentence. La.R.S. 14:62.2. The Louisiana Supreme Court, in State v. Conley, 411 So.2d 448 (La.1982) expressly determined that the ineligibility portion of this statute applied only to the minimum one year term. Thus, after adjudicating defendant an habitual offender, the trial court was required to impose a sentence of at least four years and could not impose more than twenty-four years. The Habitual Offender Law does not, however, *449 have any requirement that any part of the sentence be imposed without probation, parole or suspension of sentence separate from the requirement by the statute under which the defendant is being sentenced. Consequently, imposing the full 12 years with ineligibility is a patently illegal sentence.” p. 458.
Also see State v. Smith, 448 So.2d 778 (La.App. 2d Cir.1984).
Of course, at the time of sentencing for a felony the trial judge determines whether any part of the sentence will be suspended and conditions of probation imposed. La.C. Cr.P. Art. 893.
DECREE
For the reasons explained the defendant’s sentence is vacated and the case is remanded to the trial court for resentenc-ing in accordance with law.