544 So.2d 661 (1989)
STATE of Louisiana
v.
Chester BENNETT, Sr.
No. CR88-862.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
*662 Steve Gunnell, Cassidy & Gunnell, Jennings, for defendant-appellant.
Wendell Miller, Dist. Atty., Jennings, for plaintiff-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
GUIDRY, Judge.
Defendant, Chester Bennett, Sr., was charged by bill of information with driving while intoxicated, third offense, in violation of La.R.S. 14:98. On May 13, 1987, a jury of six unanimously found defendant guilty as charged. Prior to sentencing, the State filed a habitual offender bill, pursuant to La.R.S. 15:529.1. After a hearing, defendant was sentenced as a habitual offender to serve ten years at hard labor. On appeal, this court, in State v. Bennett, 524 So.2d 1297 (La.App. 3rd Cir.1988), vacated the sentence imposed and remanded the matter for resentencing. We vacated the prior sentence because, although the State introduced evidence of defendant's prior felony conviction, the State failed to establish that the five year cleansing period under La.R.S. 15:529.1(C) had not elapsed. On remand, the State reopened the habitual offender hearing and presented evidence confirming that more than five years had not elapsed since the expiration of the maximum sentence of the predicate prior conviction. (La.R.S. 15:529.1(C)). At the opening of the second hearing, defendant objected on the ground that the second hearing constituted double jeopardy. This objection was overruled. Ultimately, the trial court resentenced defendant to ten years at hard labor. Defendant has appealed.
The salient facts of this case are set forth in State v. Bennett, supra.
On appeal defendant urges the following assignments of error:
1. The trial court erred when it denied defendant's motion for double jeopardy under the United States and Louisiana Constitutions.
2. The trial court erred when it imposed an excessive sentence of ten years at hard labor.
3. The trial court erred when it permitted the State to introduce additional evidence in the second habitual offender hearing.

ASSIGNMENTS OF ERROR NOS. 1 AND 3
Defendant contends that the second habitual offender hearing violated his rights under the Fifth Amendment of the U.S. Constitution and Article 1, Section 15 of the Louisiana Constitution. He urges that the trial court could not hold a second habitual offender hearing after this court vacated and set aside his first sentence as a habitual offender for insufficiency of evidence. The defendant argues that the second habitual offender hearing and his second sentencing as a habitual offender constituted double jeopardy in violation of the cited Constitutional provisions.
Our Louisiana Supreme Court and our intermediate appellate courts have uniformly held that the principles of double jeopardy do not apply to multiple offender bills of information nor to second multiple offender hearings. See State v. Langendorfer, 389 So.2d 1271 (La.1980); State v. Hill, 340 So.2d 309 (La.1976); State v. Johnson, 432 So.2d 815 (La.1983) and cases cited therein; State v. Glenn, 513 So.2d 445 (La.App. 2d Cir.1987), and State v. McIntyre, 496 So.2d 1204 (La.App. 5th Cir.1986). The basis for such holding is set forth in State v. Langendorfer, supra, as follows:
"It is contended that the second multiple offender hearing placed defendant twice in jeopardy as a multiple offender. However, a multiple offender proceeding is not the trial of a criminal charge. Such a proceeding is merely part of sentencing *663 and allows enhanced penalties for repeat offenders. A second multiple offender hearing does not involve double jeopardy. State v. Jackson, 298 So.2d 777 (La., 1974); State v. Montana, 332 So.2d 248 (La., 1976); State v. Alexander, 325 So.2d 777 (La., 1976); State v. Sanders, 337 So.2d 1131 (La., 1976)."
We have been referred to the recently decided case of Lockhart v. Nelson, ___ U.S. ___, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). Even if Lockhart be considered in conflict with the holding of Louisiana's courts that multiple offender hearings do not involve double jeopardy, we conclude that Lockhart does not support a finding that defendant was twice placed in jeopardy by the hearing on remand and his resentence.
In Lockhart, defendant was sentenced to an enhanced term of imprisonment under Arkansas' habitual offender statute upon the State's proof that defendant had four prior felony convictions. Thereafter, defendant sought a writ of habeas corpus in the U.S. District Court, contending that the enhanced sentence was invalid because one of the convictions used to support it had been pardoned. The district court, after finding that the conviction had been pardoned, set aside the enhanced sentence holding, in reliance on Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), that the Double Jeopardy Clause prohibited defendant's resentence on the basis of another prior conviction not offered or admitted at the initial sentencing hearing. The Court of Appeal affirmed finding that the Double Jeopardy Clause prohibited retrial because the remaining evidence adduced at the original hearing was legally insufficient to sustain the jury's verdict. The Supreme Court reversed holding, in sum, that where the evidence offered by the State and admitted by the trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial. In Lockhart, the court reasoned as follows:
"The question presented by this case whether the Double Jeopardy Clause allows retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a convictionwas expressly reserved in Greene v. Massey, supra, [437 U.S. 19], at 26, n. 9 [98 S.Ct. 2151, 2155 n. 9, 57 L.Ed.2d 15 (1978)], decided the same day as Burks. We think the logic of Burks requires that the question be answered in the negative.

Burks was careful to point out that a reversal based solely on evidentiary insufficiency has fundamentally different implications, for double jeopardy purposes, than a reversal based on such ordinary `trial errors' as the `incorrect receipt or rejection of evidence.' 437 U.S., at 14-16 [98 S.Ct., at 2148-2150]. While the former is in effect a finding `that the government has failed to prove its case' against the defendant, the latter `implies nothing with respect to the guilt or innocence of the defendant,' but is simply `a determination that [he] has been convicted through a judicial process which is defective in some fundamental respect.' Id., at 15 [98 S.Ct., at 2149] (emphasis added).
It appears to us to be beyond dispute that this is a situation described in Burks as reversal for `trial error'the trial court erred in admitting a particular piece of evidence, and without it there was insufficient evidence to support a judgment of conviction. But clearly with that evidence, there was enough to support the sentence: the court and jury had before them certified copies of four prior felony convictions, and that is sufficient to support a verdict of enhancement under the statute. See Ark.Stat.Ann. § 41-1003 (1977). The fact that one of the convictions had been later pardoned by the Governor vitiated its legal effect, but it did not deprive the certified copy of that conviction of its probative value under the statute....
Permitting retrial in this instance is not the sort of governmental oppression at which the Double Jeopardy Clause is *664 aimed; rather, it serves the interest of the defendant by affording him an opportunity to `obtai[n] a fair readjudication of his guilt free from error.' Burks, supra, at 15 [98 S.Ct., at 2149]; see Tibbs v. Florida, 457 U.S. 31, 40 [102 S.Ct. 2211, 2217, 72 L.Ed.2d 652] (1982); United States v. DiFrancesco, 449 U.S. 117, 131 [101 S.Ct. 426, 434, 66 L.Ed.2d 328] (1980); United States v. Scott, 437 U.S. 82, 91 [98 S.Ct. 2187, 2194, 57 L.Ed.2d 65] (1978). Had the defendant offered evidence at the sentencing hearing to prove that the conviction had become a nullity by reason of the pardon, the trial judge would presumably have allowed the prosecutor an opportunity to offer evidence of another prior conviction to support the habitual offender charge. Our holding today thus merely recreates the situation that would have been obtained if the trial court had excluded the evidence of the conviction because of the showing of a pardon...."
The circumstances of the case sub judice are not unlike those present in Lockhart. At the initial hearing, evidence of defendant's 1980 conviction was erroneously admitted because of the State's failure to make the predicate showing that the five year period provided for by La.R.S. 15:529.1(C) had not elapsed. On appeal, this court determined that, discounting this evidence, there was insufficient evidence to support defendant's adjudication and sentence as a habitual offender. However, the Double Jeopardy Clause does not forbid his retrial on remand since the sum of the evidence offered by the State and admitted on original hearing would have been sufficient to sustain an habitual offender adjudication.
For these reasons, we find no merit in assignments of error numbered one and three.

ASSIGNMENT OF ERROR NO. 2
This assignment has been neither briefed nor argued. Therefore, it is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Jimmerson, 432 So.2d 1093 (La.App. 3rd Cir.1983).
For the above and foregoing reasons, defendant's adjudication as a multiple offender and the sentence imposed is affirmed.
AFFIRMED.